Percy J. Hogan *vs.* Anna M. Hogan & another.

Essex.　November 8, 1946. — January 10, 1947.

Present: Field, C.J., Lummus, Qua, Dolan, & Spalding, JJ.

*Declaratory Judgment. Probate Court,* Declaratory relief, Judicial discretion. *Estoppel. Marriage and Divorce,* Foreign divorce. *Laches. Equity Jurisdiction,* Laches.

A Probate Court had jurisdiction in equity of a suit under c. 231A, inserted in G. L. (Ter. Ed.) by St. 1945, c. 582, § 1, for a binding declaration of the status of the petitioner, who contended that he was still the husband of a respondent contrary to her contention that she had been lawfully divorced from him by decree of a Nevada court and lawfully thereafter had married a second respondent.

Neither want of equity nor laches was shown as a matter of law by averments, in a petition by a man under G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1, for a binding declaration of his marriage

status with the respondent, who he contended was his wife notwithstanding the fact that, two and one half months before the petition was filed, she had procured a decree of divorce from him in Nevada after going there from Massachusetts, where she had been domiciled with him, for the sole purpose of securing the divorce and after he had signed and had sent to her attorney there a "so called 'power of attorney' authorizing some Nevada attorney unknown to him to appear for him in said divorce proceedings"; nor did the facts so averred estop the petitioner from maintaining the petition.

On demurrer to a petition in equity in a Probate Court under G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1, wherein a man sought a binding declaration of his matrimonial status with a woman, who he contended was still his wife notwithstanding the fact that she had procured a divorce in Nevada which she contended and he denied was valid, and afterwards had married another man, also a respondent, it could not rightly be said as a matter of law that no actual controversy was presented for determination or that a declaratory decree establishing the marital status of the parties would not terminate the controversy.

Upon an appeal from a final decree sustaining a demurrer to a petition under G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1, for a declaration of a marital status and dismissing the petition without stating reasons under c. 231A, § 3, this court, being of the opinion that the demurrer should have been overruled, did not deem it appropriate to exercise discretion by dismissing the petition on the mere averments thereof, although that question was open on the appeal without the case first being heard on the merits.

PETITION, filed in the Probate Court for the county of Essex on November 27, 1945.

The case was heard by *Costello*, J.

*A. H. Salisbury, 2d*, for the petitioner, submitted a brief.

No argument nor brief for the respondents.

DOLAN, J. This is a petition filed in the Probate Court under the provisions of G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1, against the respondents Anna M. Hogan, also known as Anna Palumbo, and Frank Palumbo, both of "North Andover," "for a binding declaration of . . . [the petitioner's] status, in the light of the facts . . . set out [in the petition]." The case comes before us upon appeal by the petitioner from the decree entered by the judge sustaining the demurrer of the respondents and dismissing the petition.

Material allegations of the petition follow: The petitioner and the respondent Anna (hereinafter referred to as the

respondent) were married at North Andover on June 27, 1928, and lived there together as husband and wife until January, 1943. On or about February 6, 1943, the petitioner filed a libel for divorce from the respondent in the Probate Court in which this proceeding was brought, alleging adultery on the part of his wife with one Frank Palumbo of Methuen. That libel was dismissed without prejudice at the request of the petitioner on or about May 26, 1943. On or about June 29, 1943, the respondent filed in the same court a libel for divorce from the petitioner, alleging cruel and abusive treatment, and "gross, wanton and cruel refusal and neglect to provide." By decree dated July 25, 1944, "the allegations of said libel were held not to have been sustained, its prayer for divorce was denied, and said libel was continued on the docket." On or about July 20, 1945, the respondent "began a residence" in Reno, Nevada, and on or about August 31, 1945, she caused to be filed in the Second Judicial District Court of Washoe County in Nevada a complaint alleging that she had been an actual bona fide resident of the State of Nevada for more than six weeks and that she had actually been domiciled in said Washoe County during said period, and praying for a decree of divorce from the petitioner. At her request the petitioner on or about September 9, 1945, signed a "so called 'power of attorney,' authorizing some Nevada attorney unknown to him to appear for him in said divorce proceedings, and caused the same to be mailed on September 10, 1945, to . . . counsel of record for his said wife in said proceedings" (paragraph 4). On or about September 13, 1945, a decree was entered in the Second Judicial District Court of Washoe County purporting to grant a final and absolute decree of divorce to the respondent from the petitioner and "to restore both him and her 'to the status of an unmarried person.'" On or about November 10, 1945, the respondent "went through a purported ceremony of marriage with said Frank Palumbo" at Kittery in the State of Maine, and she and said Palumbo now live together as husband and wife in North Andover. The petitioner further alleges that he "has for many years been, and now is, domiciled in this Commonwealth, and that he

has been advised that his said wife has likewise continued to be domiciled here despite her sojourn in the State of Nevada above described; that his said wife's reason for establishing an alleged residence and domicil in said Nevada was solely so that she might obtain the decree described in . . . [paragraph 4 of the petition]; and that she returned to this Commonwealth immediately after the issuance of said decree, has since continued to live in this Commonwealth, and intends to continue to live here"; that the petitioner "has been advised that the said decree of divorce granted by the Nevada court, as above set forth, is of no force and effect, and that he therefore believes and asserts hereby that he is still married to his said wife"; that "by presuming to remarry, his said wife has violated the original marriage contract between her and . . . [the] petitioner, and, as matter of law, has created an actual and justiciable controversy between them"; and that "an actual controversy has arisen between the parties as to . . . [the] petitioner's marital status, his contention being that said Nevada decree is of no force and effect, and hers that it has effected a dissolution of their marriage." The grounds set out in the respondents' demurrer are these: "1. Want of jurisdiction. . . .. 2. Want of equity. 3. Laches on the part of the petitioner. 4. That there is no actual controversy. 5. That the declaratory judgment if rendered would not terminate any controversy alleged. 6. Estoppel; that the petitioner is estopped from denying the validity of the decree of divorce in Nevada due to the fact that said petitioner submitted to the jurisdiction of the Reno, Nevada, divorce decree on his own statement as it appears in paragraph 4 of the petition and for that reason is now estopped from denying the validity of the Reno divorce; therefore, there is no controversy as alleged."

All the grounds of the demurrer are open on the appeal. *Ratte* v. *Forand,* 299 Mass. 185, 187. We dispose of them as follows:

1. The subject matter of the petition is one of which the court below has jurisdiction. G. L. (Ter. Ed.) c. 231A, § 1; c. 207, § 14; c. 215, § 3.

2. Want of equity is not shown by the allegations of the petition. Upon demurrer no inferences from the facts alleged can be drawn unless they are necessary inferences. *Johnson* v. *East Boston Savings Bank,* 290 Mass. 441, 446–447, and cases cited. In the present case we are of opinion that it is not a necessary inference from the allegations of the petition that want of equity is shown.

3. Laches is a question of fact. *Dodge* v. *Anna Jaques Hospital,* 301 Mass. 431, 436. The present petition appears to have been brought seasonably; and considering this ground of the demurrer in the light of our disposition above of ground 2 and what we say below concerning ground 6, we conclude that the petition does not show laches.

4. The petition alleges that an actual controversy exists concerning the question presented for determination. The allegations of the petition go farther than to show mere differences of opinion by the parties. They tend to show the existence of an actual controversy as to the marital status of the petitioner and the respondent Anna, affecting also that of Anna and the respondent Palumbo. In proceedings for a declaratory judgment in so far as the existence of an actual controversy is required, it is sufficient that the pleadings set forth a real dispute caused by the assertion by one party of a legal relation or status or right in which he has a definite interest and the denial of such assertion by the other party, where the circumstances, as in the present case, indicate that, unless a determination is had, subsequent litigation as to the identical subject matter will ensue. See *School Committee of Cambridge* v. *Superintendent of Schools of Cambridge, ante,* 516; *Baumann* v. *Baumann,* 250 N. Y. 382.

5. We are of opinion that it cannot be said rightly that a declaratory decree establishing the marital status of the parties will not terminate the controversy.

6. The petitioner is not estopped to set up invalidity of the decree of divorce in question entered in the State of Nevada. *Cohen* v. *Cohen,* 319 Mass. 31, 34–36, and cases cited. *Coe* v. *Coe, ante,* 295, 302–305. See *Sherrer* v. *Sherrer, ante,* 351.

The demurrer should have been overruled. But that

would not have meant that the petitioner was entitled as of right to the determination sought, since G. L. (Ter. Ed.) c. 231A, § 3, provides that the "court may refuse to render or enter a declaratory, judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceedings or for other sufficient reasons. The reasons for such refusal shall be stated in the record." The judge, however, in dismissing the petition and thus in effect refusing to make the determination of rights sought, did not state his reasons for so doing as required by c. 231A, § 3.

The judge did not decide or even reach the question of discretion. However, the appeal from the final decree, which not only sustained the demurrer but also dismissed the petition, opens for our consideration questions of discretion appearing on the face of the petition. *Merchants Mutual Casualty Co.* v. *Leone,* 298 Mass. 96, 100. We do not deem it appropriate on the mere allegations of the petition to exercise our discretion by dismissing the petition, being of opinion that the case should be heard upon the merits for final disposition.

*Order sustaining demurrer reversed.*
*Demurrer overruled.*