HENRY J. BURN, administrator, *vs.* MARY L. McALLISTER & others.

Suffolk.   January 7, 1947. — October 28, 1947.

Present: LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Probate Court,* Declaratory relief, Judicial discretion, Appeal.  *Declaratory Judgment.*

In a proceeding in a Probate Court under G. L. (Ter. Ed.) c. 215, § 6B, for determination of the validity of one of the provisions of an instrument of trust, the judge, in refusing to make a determination, should have made a statement of reasons for such action, but on appeal the matter of discretion respecting the making of such determination was open in and might be decided by this court.

In a proceeding under G. L. (Ter. Ed.) c. 215, § 6B, by the administrator of the estate of the settlor under an instrument of trust, it was proper to refuse a determination of the question, whether a resulting trust for the benefit of the estate of the settlor arose by reason of alleged invalidity of a provision of the instrument that, at the death of the survivor of the widow and children of the settlor, all of whom were living at the time of the proceeding, all the trust property should be transferred to a corporation to be organized by the trustees and its stock should be divided among the trustees then in office.

PETITION, filed in the Probate Court for the county of Suffolk on January 13, 1944.

One of the averments of the petition was that on the date of the trust indenture which was the basis of the petition, and on the date of the petition, the wife and children of Louis F. Buff were living.

Demurrers by the respondents were sustained by *Wilson,* J., and the petition was dismissed.   The petitioner appealed.

*C. P. Bartlett,* (*J. L. Saltonstall, Jr.,* with him,) for the petitioner.

*D. L. Ley,* (*Elliott V. Grabill* with him,) for the respondents.

LUMMUS, J.   This is a petition, filed on January 13, 1944, by the administrator with the will annexed de bonis non of the estate of Louis F. Buff, for an interpretation of the same trust instrument that is described in the opinion in the pre-

ceding case. The respondents Henry A. Buff, Mary L. McAllister and Buff & Buff Manufacturing Company demurred. The judge sustained their demurrers, stating: "The court declines to make a determination of right and states that (1) the petitioner avers no facts entitling him to bring said petition as an interested party (2) no case entitling this petitioner to relief under G. L. c. 215, § 6, is shown by the facts averred." Consequently the judge entered a decree dismissing the petition, and the petitioner appealed from the sustaining of the demurrers and the dismissal of the petition. The decision was made upon the pleadings, and consequently no evidence is reported.

The petition is brought under G. L. (Ter. Ed.) c. 215, § 6B, inserted by St. 1935, c. 247, § 1, which read as follows: "A suit in equity in a probate court shall not be open to objection on the ground that a mere judgment, order or decree interpreting a written instrument or written instruments is sought thereby, and in such a suit said court may make binding determinations of right interpreting the same, whether any consequential relief is or could be claimed or not. If, in its discretion, a probate court in such case declines to make such a determination, it shall state its reasons therefor in writing." That section was repealed by St. 1945, c. 582, § 3, but by the repealing statute was left in force as to proceedings which, like the present petition, were commenced prior to November 1, 1945.

The trust instrument provided that the trust should continue until the widow and all the children of Louis F. Buff should die, and then should terminate, and that all the trust property should then be transferred to a corporation to be organized by the trustees, the stock of which was to be equally divided among the trustees then in office. The petitioner contends that those provisions are void, and that instead the trust property will pass to the personal representatives of Louis F. Buff, for one reason because of the rule against perpetuities.

In our opinion the interpretation of the trust instrument is a power expressly granted to the Probate Court by the statute. For that reason there was error in the decrees sus-

taining the demurrers. *Merchants Mutual Casualty Co.* v. *Leone,* 298 Mass. 96. In declining to make a determination of right, the judge did not state his reasons as required by the statute. But the appeal brings before us questions of discretion as well as other questions, and we may decide them even though the Probate Court did not. *Merchants Mutual Casualty Co.* v. *Leone,* 298 Mass. 96, 100. *National Shawmut Bank* v. *Morey,* 320 Mass. 492, 498. Compare *Hogan* v. *Hogan,* 320 Mass. 658, 663. The questions as to which determinations are sought will not arise until the deaths of the widow and children of Louis F. Buff. At that time the trustees, who on the face of the trust instrument will take beneficially, may be wholly different persons from the present trustees. We think that the judge, though he did not put his action on the ground of discretion, reached the right result in declining to make at this time a declaratory decree. *National Shawmut Bank* v. *Morey,* 320 Mass. 492.

Costs and expenses payable out of the trust estate may be awarded to either party or both parties or their counsel in the discretion of the Probate Court.

*Decrees sustaining demurrers reversed.*
*Decree dismissing petition affirmed.*