CARLTON HOTEL, INC. *vs.* JOSEPH B. ABRAMS & another.

Suffolk.      December 2, 1947. — January 2, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, WILKINS, & SPALDING, JJ.

*Declaratory Judgment. Equity Jurisdiction*, Declaratory relief. *Equity Pleading and Practice*, Declaratory proceeding, Demurrer, Appeal, Judicial discretion.

A bill in equity containing allegations that, although the plaintiff had already overpaid the defendant, an attorney at law, for certain services, the defendant was threatening to bring an action to recover a substantial additional sum therefor, and seeking a determination of the amount, if anything, due the defendant from the plaintiff and certain relief, stated a case for a declaratory decree and relief under G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1.

The question of the proper exercise of discretion in granting or refusing a declaratory decree in a suit in equity under G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1, was open on an appeal from a final decree dismissing the bill after the sustaining of a demurrer thereto, although the matter of discretion had not been open on the demurrer; but this court, while holding that the sustaining of the demurrer and consequent dismissal of the bill were error, did not consider it appropriate to determine the matter of discretion upon the face of the pleadings and remanded the case for hearing on the merits including that matter.

BILL IN EQUITY, filed in the Superior Court on May 23, 1947.

The suit was heard on demurrer by *Williams*, J.

*J. C. Johnston*, for the plaintiff.

*J. B. Abrams*, pro se, (*P. Epstein* with him).

LUMMUS, J.   This is a bill in equity under G. L. (Ter. Ed.) c. 231A, which was inserted in our statutes by St. 1945, c. 582, § 1.   The bill alleges that the plaintiff retained the defendant Abrams as an attorney at law, that said defendant has performed various legal services as such, that said defendant has procured from the plaintiff more than $13,000, which is in excess of the value of his services, and that said defendant threatens to bring an action to recover $25,000 more for legal services.   The bill further

alleges that the defendant Buckminster Operating Corp. has agreed with the defendant Abrams to pay him, out of money belonging to the plaintiff, $5,000 annually on the first day of January in 1947, 1948 and 1949. The prayers are for a determination of the amount, if any, due to the defendant Abrams from the plaintiff, for an injunction against any action against the plaintiff, and for a determination of the validity of the contract for payment to the defendant Abrams out of money belonging to the plaintiff.

The defendant Abrams demurred to the bill, the demurrer was sustained on the ground that the bill did not set forth a case for declaratory relief, and a final decree was entered dismissing the bill without prejudice to "the right of the plaintiff further to litigate the issues of fact set forth in the bill of complaint." The plaintiff appealed.

The statute (c. 231A) authorizes the court (§ 1) to "make binding declarations of right, duty, status and other legal relations," either "before or after a breach or violation thereof," "whether any consequential judgment or relief is or could be claimed at law or in equity or not," provided "an actual controversy has arisen and is specifically set forth in the pleadings." The statute declares (§ 9) that its purpose "is to remove, and to afford relief from, uncertainty and insecurity with respect to rights, duties, status and other legal relations, and it is to be liberally construed and administered." Following a general principle of declaratory procedure (*National Shawmut Bank* v. *Morey*, 320 Mass. 492, 497), the statute (§ 3) empowers the court to "refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceedings or for other sufficient reasons," which reasons "shall be stated in the record."

In our opinion the facts stated in the bill bring the case within the statute. The "right" of the defendant Abrams to be paid reasonably for his services, and the "duty" of the plaintiff so to pay him, fall within the terms of the statute. An "actual controversy" has arisen, the defendant Abrams contending that $25,000 more is due him, and the

plaintiff contending that it has overpaid the defendant Abrams and is free from further obligation to him. *School Committee of Cambridge* v. *Superintendent of Schools of Cambridge,* 320 Mass. 516, 518. *Hogan* v. *Hogan,* 320 Mass. 658, 662. *Aetna Life Ins. Co.* v. *Haworth,* 300 U. S. 227, 228, 229. *Maryland Casualty Co.* v. *Pacific Coal & Oil Co.* 312 U. S. 270. Since the bill states a case within the declaratory judgment statute, it is proof against demurrer. *Merchants Mutual Casualty Co.* v. *Leone,* 298 Mass. 96, 99. *School Committee of Cambridge* v. *Superintendent of Schools of Cambridge,* 320 Mass. 516. *Hogan* v. *Hogan,* 320 Mass. 658. *Burn* v. *McAllister,* 321 Mass. 660.

The judge, in sustaining the demurrer, did not express an opinion upon the question whether a declaratory decree should in the discretion of the court be granted or refused, if the bill stated a case within the statute. That question was not open upon demurrer. But the appeal from the final decree raises that question as well as the question of law whether the bill states a case within the statute. *Merchants Mutual Casualty Co.* v. *Leone,* 298 Mass. 96, 100. But we are not required to decide that question of discretion on the face of the pleadings. As we said in *Hogan* v. *Hogan,* 320 Mass. 658, 663, "We do not deem it appropriate on the mere allegations of the petition to exercise our discretion by dismissing the petition, being of opinion that the case should be heard upon the merits for final disposition." At the hearing, the question of discretion will be open to the trial judge.

*Interlocutory and final decrees reversed.*