HENRY F. BARRY *vs.* CIVIL SERVICE COMMISSION.

Suffolk.    October 7, 1948. — December 2, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, WILKINS, & WILLIAMS, JJ.

*Civil Service.    Certiorari.*

In a certiorari proceeding, where the sufficiency or competency of a return by the respondent is not questioned, averments of the petition not supported by the return must be disregarded, and the return itself must be accepted as true concerning all matters within the jurisdiction of the respondent.

A statement in an application filed with the civil service commission, giving the applicant's domicil as at a certain address and another address as a place to which he wished notices sent him, did not substantiate an averment that he had falsified his address by stating that he lived at the address given as that of his domicil.

Under G. L. (Ter. Ed.) c. 31, § 15, paragraph B, as appearing in St. 1946, c. 103, it was the duty of the director of civil service, upon applications for promotion, to determine what applicants were employed "in the next lower grades," and, in a certiorari proceeding, it could not be found that the director erred in determining that a position held by a certain applicant was in the next lower grade to one to which he sought to be promoted where nothing in the record showed the duties respecting the office held by the applicant.

A statement in a return by the civil service commission in a certiorari proceeding, that an increase in the marking of certain answers by an applicant for promotion was made on appeal to it because "the applicant submitted authority to substantiate the correctness of his answers," implied a finding of either error or mistake in the original markings and was sufficient to justify the increase made by the commission and to satisfy the provisions of G. L. (Ter. Ed.) c. 31, § 2 (b), as appearing in St. 1945, c. 725, § 1.

Nothing in the record in a certiorari proceeding against the civil service commission disclosed ground for a contention that different standards were used in marking the examination papers of two applicants for promotion, or any impropriety of method, or the employment of double or inconsistent standards.

An applicant for promotion in the civil service, the petitioner in a certiorari proceeding against the civil service commission, was not shown to have been harmed by an alleged violation of G. L. (Ter. Ed.) c. 31, § 29, as appearing in St. 1945, c. 725, § 4, by being denied an opportunity to inspect examination papers of another applicant, the propriety of the marking of which he was attacking, where it appeared that the papers, so far as material to issues raised in the proceeding, were set forth in the respondents' return.

PETITION for a writ of certiorari, filed in the Superior Court on November 13, 1947, in substitution for a petition for a writ of mandamus, and afterwards amended.

The case was heard by *Donahue, J.,* upon a return and an extended return.

*A. West,* for the petitioner.

*R. Clapp,* Assistant Attorney General, for the respondents.

*T. M. Burke,* by leave of court, submitted a brief as amicus curiae.

WILLIAMS, J.  This is a petition for a writ of certiorari against the members of the civil service commission to quash their action in re-marking on appeal the civil service examination of one Timothy F. Regan.  On July 12, 1946, the petitioner, who was then a supervisor of attendance, Boston school department, took a "promotional examination" for the office of head supervisor of attendance in said department, conducted by the director of civil service. The examination was also taken by said Timothy F. Regan, who was the supervisor of licensed minors, Boston school department.  The petitioner received a mark of 91.30 and Regan a mark of 88.08.  Each applicant after a review by the director appealed to the commission for a re-marking of his examination papers.  The appeal of the petitioner for such re-marking was denied, but Regan's mark was raised by the commission to 95.24.  The petitioner alleges five errors of law committed by the commission in dealing with Regan's appeal.  After a hearing on the petition and return, the petition was "denied" by the judge in the Superior Court and is before us on appeal.

The petitioner has not questioned the sufficiency or competence of the return, and averments of the petition not supported by the return are to be disregarded.  The return itself is to be accepted as true concerning all matters within the jurisdiction of the respondents.  *Newcomb* v. *Aldermen of Holyoke,* 271 Mass. 565, 567.  We proceed to consider the questions of law raised by the petition without determining whether the petitioner is such a "person aggrieved" (G. L. [Ter. Ed.] c. 31, § 2 [b], as appearing in St. 1945, c. 725, §.1) as to entitle him to have the mark-

ing of another applicant quashed (see, however, *American Can Co. of Massachusetts* v. *Milk Control Board*, 313 Mass. 156; *Ash* v. *Civil Service Commissioners*, 215 Iowa, 908).

The petitioner's first contention is that Regan falsified his address in his application for the appointment by stating that he lived at 4–A Weld Avenue, Roxbury District, Boston, Mass. According to the return there was no statement by Regan in his application as to his residence nor in answer to any question appearing on the application blank was he required to give one. He stated that his domicil was in Boston at 4–A Weld Avenue and that the address to which he wished to have notices sent was 25 Warrenton Street, Boston.

Secondly, the petitioner contends that Regan's position as supervisor of licensed minors was not similar in salary and duties to that of supervisor of attendance and that the examination, being promotional in character, was not available to Regan. We have no evidence as to the respective duties attached to the present offices held by the petitioner and Regan. By G. L. (Ter. Ed.) c. 31, § 1, as appearing in St. 1945, c. 703, § 1, "Promotion" is defined as "a change from the duties of one grade to the duties of a higher grade in the same or a different class as determined by the director." The statutory definitions of the terms "Grade" and "Class" are stated in G. L. (Ter. Ed.) c. 31, § 1, as appearing in St. 1945, c. 703, § 1. ". . . all promotions in the official service shall be made after a competitive promotional examination open in succession to those who have been employed for at least one year in the next lower grades, as determined by the director." G. L. (Ter. Ed.) c. 31, § 15, paragraph B, as appearing in St. 1946, c. 103. It does not appear that there was error by the director in allowing Regan to apply for the promotion. It was the duty of the director to determine what applicants were employed "in the next lower grades" and therefore entitled to take the promotional examination.

The third contention is that the respondents failed to comply with the law in that they did not find that it was error, mistake or bad faith that caused them to alter the

mark of Regan and that they did not state in their record specific reasons for the change of marking. See G. L. (Ter. Ed.) c. 31, § 2 (b), as appearing in St. 1945, c. 725, § 1. The return of the commissioners states that the increase in marking of certain answers by Regan was made because "the applicant submitted authority to substantiate the correctness of his answers." This implies a finding of either error or mistake in the original markings and seems to be sufficient to justify the change made by the commission and to satisfy the statute.

The fourth contention of the petitioner is that different standards were used in marking the examination papers of the two applicants. By G. L. (Ter. Ed.) c. 13, § 6, as appearing in St. 1939, c. 238, § 7, the marking of civil service examination papers is made a function of the director with the aid of authorized examiners. There is a right of appeal to the commissioners. G. L. (Ter. Ed.) c. 31, § 12A, inserted by St. 1945, c. 704, § 2. "Examinations shall be conducted under the direction of the director, who shall determine the form, method and subject matter thereof . . . . The director shall determine the scope and weight of examinations." G. L. (Ter. Ed.) c. 31, § 10, as appearing in St. 1939, c. 498, § 2. In determining the accuracy of answers and the proper marks to be awarded, the director is given broad discretionary powers administrative in nature to make findings of fact. See *Attorney General* v. *Mayor & Aldermen of Northampton,* 143 Mass. 589; *McDonald* v. *City Manager of Fall River,* 273 Mass. 368. On appeal the respondents are vested with similar powers subject to c. 31, §§ 2 (b), 12A. A writ of certiorari does not ordinarily lie to correct findings of fact. *Tewksbury* v. *County Commissioners of Middlesex,* 117 Mass. 563. The return before us does not disclose any impropriety of method or the employment of double or inconsistent standards.

The fifth contention is that the petitioner, after request, was denied an opportunity to inspect Regan's examination papers. General Laws (Ter. Ed.) c. 31, § 29, as appearing in St. 1945, c. 725, § 4, provides: ". . . all applications and examination papers, shall be kept on file and shall be open

to public inspection under the rules of the commission" approved by the Governor and Council. The rules of the commission pertaining to such inspection, if any exist, have not been brought to our attention, but the petitioner has not been harmed, as the papers so far as material to the issues here raised are set forth in the respondents' return.

It appears from the record that "After hearing the petition is denied." As was said in *Reardon* v. *Director of Civil Service*, 318 Mass. 173, "This seems to have been intended as a final judgment dismissing the petition," and we so construe it.

*Judgment affirmed.*