JACOB M. BURNES & others *vs.* METROPOLITAN DISTRICT COMMISSION & others.

Suffolk.   March 10, 1950. — May 3, 1950.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Parks.   Municipal Corporations,* Parks.   *Eminent Domain,* Abridgement of power, Validity of taking, Taking of property already in public use.   *Way,* Public: establishment, taking.

Section 5 of G. L. (Ter. Ed.) c. 79 cannot, and as a matter of interpretation does not, limit the power of the Commonwealth, acting through the metropolitan district commission under St. 1949, c. 262, to take by eminent domain, without the notice or consent specified in that section, certain park land of the city of Boston for the construction of a highway.

BILL IN EQUITY, filed in the Superior Court on October 13, 1949.

Demurrers to the bill were sustained by *Forte,* J.

*R. Wait,* (*W. N. Kernan* with him,) for the plaintiffs.

*W. S. Kinney,* Assistant Attorney General, for the Metropolitan District Commission.

*A. Julian,* for The Wes Julian Construction Corporation.

*J. W. Kelleher,* Assistant Corporation Counsel, for city of Boston.

WILKINS, J.   This bill in equity by inhabitants and voters of the city of Boston, twelve in number,[1] against the metropolitan district commission, The Wes Julian Construction Corporation, and the city of Boston, prays that "the court

---

[1] Augmented to fifteen by intervening petitions.

declare that it is unlawful" that certain park land be used
for a public way until the consent of the inhabitants of the
city has been obtained and, in the meantime, that the de-
fendant commission and the defendant construction cor-
poration be enjoined from entering upon the park land for
the purpose of constructing a public way thereon. The de-
fendants filed demurrers setting up, among other things,
want of equity. Two demurrers give as a ground lack of
standing entitling the plaintiffs to maintain the bill. The
point was not taken that the Commonwealth was not made
a party. See *Kilroy* v. *O'Connor*, 324 Mass. 238. Interloc-
utory decrees were entered sustaining the demurrers. The
suit is here on report of the judge for the determination of
the correctness of such rulings. G. L. (Ter. Ed.) c. 214, § 30.

The allegations of the bill are as follows: Within the city
of Boston in the area bounded on the north by the Charles
River, on the east by Embankment Road, on the south by
Back Street, and on the west by Muddy River, is situated
a park. Title to the northern portion of the park is in the
Commonwealth, and title to the southern portion, which
lies between Back Street and the northerly edge of a con-
crete walk running east and west through the middle of the
park, is in the city. The southerly portion is referred to in
the bill as "Boston Park Land." All the park has "long
since" been dedicated to the use of the public, and "Boston
Park Land" has been appropriated to such use without in-
terruption for a period of more than twenty years. Pursu-
ant to directions received by the defendant commission
under St. 1949, c. 262, entitled "An Act providing for the
construction of a limited access way along the southerly side
of the Charles River from Nashua Street near the Leverett
Street circle to Soldiers Field Road in Boston including the
construction of traffic interchanges at Charlesgate East and
West and Charles and Cambridge streets and an underpass
at Leverett and Nashua streets, Boston," the defendant
commission proposes to locate a public way within the park
and in part upon "Boston Park Land," and has caused the
defendant construction corporation to commence work

thereon within "Boston Park Land" notwithstanding that the consent of the city has not been obtained. No notice has been given by the defendant commission as "required" under G. L. (Ter. Ed.) c. 79, § 5. The directions to the defendant commission contained in St. 1949, c. 262, do not require the public way to be located within "Boston Park Land," the only specification of location south or west of Longfellow Bridge being that the way shall be "along the Charles River" between termini neither of which is within "Boston Park Land." Under G. L. (Ter. Ed.) c. 79, § 5, the plaintiffs, together with such other voters of the city as may desire to join them, "are entitled" — so reads the bill — to request in writing that any consent of the city be expressed by a vote of the inhabitants, but they are unable to file such request by reason of the "failure" of the defendant commission to give the notice "required" by § 5. "It is unlawful for the respondent commissioners or any other authority to use said Boston Park Land or any part of said park for a public way as they propose to do unless and until such consent shall have been obtained, all as provided in said § 5." The plaintiffs are without adequate remedy at law, and, unless the defendant commission and the defendant construction corporation are enjoined, the plaintiffs and all other members of the public entitled to the use of "Boston Park Land" will suffer irreparable injury.

The plaintiffs contend that the bill can be maintained for declaratory relief under G. L. (Ter. Ed.) c. 231A, §§ 1, 2, inserted by St. 1945, c. 582, § 1. Upon demurrer, a bill stating a case within the declaratory judgment statute is good, and no question of discretion whether to grant relief is open. *School Committee of Cambridge* v. *Superintendent of Schools of Cambridge,* 320 Mass. 516, 520. *Hogan* v. *Hogan,* 320 Mass. 658, 662–663. *Burn* v. *McAllister,* 321 Mass. 660. *Carlton Hotel, Inc.* v. *Abrams,* 322 Mass. 201, 203. *Booker* v. *Woburn, ante,* 334, 336.

The general allegations as to the legal effect of § 5 are not admitted by the demurrers. *Stone, Timlow & Co. Inc.* v. *Stryker,* 230 Mass. 67, 72. *Dealtry* v. *Selectmen of Water-*

*town*, 279 Mass. 22, 26. *Stockus* v. *Boston Housing Authority*, 304 Mass. 507, 510-511. So far as material, § 5 reads: "No portion of a common or park dedicated to the use of the public, or appropriated to such use without interruption for a period of twenty years, shall be taken or used for a public way . . . except with the consent of the city or town in which such common or park is situated after public notice . . .. Such consent shall be expressed by a vote of the inhabitants, if ten or more voters file a request in writing to that effect with the selectmen or aldermen within thirty days after the publication of the notice; in the absence of such request, consent shall be presumed."

From the allegations of the bill, as well as from the provisions of St. 1949, c. 262, it is manifest that it is for the Commonwealth itself the highway is to be constructed upon the park land. Takings by eminent domain are authorized in the name of the Commonwealth (§ 6). Damages therefor are recoverable from the Commonwealth (§ 12). A decision for the plaintiffs would involve acceptance of the proposition that by G. L. (Ter. Ed.) c. 79, § 5, the Commonwealth has subjected its power of eminent domain to the consent of the city, to be expressed, in certain circumstances, by vote of the inhabitants. This proposition cannot be maintained. The taking of property by eminent domain is an attribute inherent in sovereign power. It cannot be contracted or bartered away. *West River Bridge Co.* v. *Dix*, 6 How. 507, 531–534. *Pennsylvania Hospital* v. *Philadelphia*, 245 U. S. 20, 22–24. *Galveston Wharf Co.* v. *Galveston*, 260 U. S. 473. See *Central Bridge Corp.* v. *Lowell*, 4 Gray, 474, 480–482; *Boston Elevated Railway* v. *Commonwealth*, 310 Mass. 528, 551. It "must continue unimpaired in the State. It is impliedly reserved in every grant. It cannot be abridged so as to bind future legislation." *Eastern Railroad* v. *Boston & Maine Railroad*, 111 Mass. 125, 131. A fortiori, the power of eminent domain cannot be gratuitously restricted. *Reichelderfer* v. *Quinn*, 287 U. S. 315, 318–320. See *Higginson* v. *Treasurer & School House Commissioners of Boston*, 212 Mass. 583. It follows that G. L. (Ter. Ed.) c. 79, § 5, can-

not, and as a matter of interpretation does not, bar action by the Legislature, but has application to a taking or use of park lands by some inferior authority, as in *Needham* v. *County Commissioners of Norfolk*, 324 Mass. 293, 296–298. In general, it is well settled that the Legislature has power to divert park land, if acquired by a city by eminent domain or the expenditure of public funds, to another public use, even without the city's consent, its title being held only in its municipal capacity as an agency of government for the benefit of the public.[1] *Codman* v. *Crocker*, 203 Mass. 146, 152–153. *Wright* v. *Walcott*, 238 Mass. 432, 435. *Lowell* v. *Boston*, 322 Mass. 709, 731.

Accordingly, if the bill could be maintained for declaratory relief, there should be a declaration that the use of the park land for a public way pursuant to St. 1949, c. 262, is lawful without any consent of the city or vote of its inhabitants. The demurrers, however, were sustained. This could have been on the ground that the plaintiffs are not entitled to bring this suit. The plaintiffs do not rely upon any personal right as distinguished from a property right. Compare *Kenyon* v. *Chicopee*, 320 Mass. 528. This is not, and does not purport to be, a petition under G. L. (Ter. Ed.) c. 40, § 53, by not less than ten taxpayers to restrain the city from making an expenditure or incurring an obligation. The plaintiffs' alleged right is necessarily founded, at least in part, upon G. L. (Ter. Ed.) c. 79, § 5. But, as has been seen, that statute has no application to the present situation. Assuming, but not deciding, that in an appropriate case ten voters and inhabitants of the city could properly seek a binding declaration whether there is a violation of § 5, the plaintiffs, for the reasons hereinbefore expressed, have no such right here.

> *Interlocutory decrees sustaining*
> *demurrers affirmed.*
> *Bill dismissed.*

---

[1] "Boston Park Land" was apparently acquired by the Commonwealth for the city under the power of eminent domain. See St. 1903, c. 465; St. 1906, c. 402; St. 1909, c. 524; St. 1929, c. 371.