HAROLD D. FERGUSON *vs.* CIVIL SERVICE COMMISSION.

Suffolk.    May 10, 1962. — June 5, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Civil Service.   Administrative Matter.   Certiorari.*

The return of the civil service commission to a petition for a writ of certiorari attacking a decision of the commission respecting the credit to be given to an answer to an examination question was sufficient, without extension, to permit a proper presentation of the issues raised.   [486–487]

A decision of the civil service commission reversing action by the director of civil service respecting the credit to be given to an answer to an examination question could not be successfully attacked on certiorari where it appeared that the commission's decision was not an abuse of its administrative discretion in such a matter and that there were reasonable grounds for a finding made by it that the director's action was "through mistake."   [487–488]

PETITION for a writ of certiorari filed in the Superior Court on October 11, 1961.

A motion for extension of the return was denied by *Dewing,* J.   The petitioner alleged an exception to its denial. The petition was ordered dismissed by *Coddaire,* J., and the petitioner appealed.

*Samuel W. Gaffer (Henry H. Chmielinski, Jr.* with him) for the petitioner.

*James J. Kelleher,* Assistant Attorney General, for the respondent.

*Francis X. Bellotti,* by leave of court, submitted a brief as amicus curiae.

CUTTER, J.   Ferguson and one Finn took an examination for promotion in the Quincy police department.   Finn requested the director of civil service to re-mark his answer to question 5 (a).[1]   The director denied his request and Finn appealed to the commission under G. L. c. 31, § 12A (as amended through St. 1948, c. 297).   See also G. L. c. 31, § 2 (b), as amended through St. 1945, c. 725, § 1.   The commission "found that the decision of the [d]irector refusing the applicant [Finn] a change in his mark was through mistake, and . . . that . . . [Finn] should be given full credit for his answer."   As a consequence Finn received an average grade of 95.73, instead of one of 92.39 previously given to him.   This placed him above Ferguson, who received an average grade of 93.37.   The director rearranged the promotion list accordingly.

Ferguson seeks a writ of certiorari to quash the commission's action giving Finn full credit for his answer, on the ground that "the [commission's] action . . . was erroneous, unwarranted and without basis in fact or law; that . . . [Finn's] answer . . . was wrong as a matter of law and his original mark and the [director's] action . . . should stand."   The commission filed an answer asserting (a) that Ferguson was not entitled to relief upon the allegations of the petition and (b) that the commission's action on appeals is administrative and not subject to review by certiorari.   The answer was accompanied by a return setting out essentially the facts already mentioned.   The commission in its return reported that "[u]pon consideration of . . . Finn's appeal, the [c]ommission [had] found that . . . [Finn's] answer . . . stated the important fact that a state prison sentence cannot be imposed upon a person con-

---

[1] Question 5 (a) read: "Assume that Brown is convicted on a complaint charging him with . . . receiving stolen property.   Following the conviction it is proved that Brown has never been previously convicted of an offense, that . . . stealing the property which he received was a simple larceny, and that Brown has made [full] restitution . . . .   (1) Is the crime committed by Brown a felony or a misdemeanor?   (2) Give the reason for your answer to (1) above."   Finn's answer was: "5 (a) (1) Misdemeanor.   (2) Because a statute provides that under those circumstances he shall not be sentenced to State [p]rison."

victed and sentenced in the circumstances stated in the question as having been proved."[2]

Ferguson filed a motion to have the return further extended by attaching copies of (a) Finn's request for a review of his marks by the director, (b) the director's decision, (c) Finn's appeal to the commission, (d) the commission's decision, (e) the commission's minutes, and (f) a report showing relative positions and average grades of the candidates after the director's decision and before the commission's action. This motion was denied.

A judge of the Superior Court dismissed the petition. The case is here on Ferguson's appeal and upon his bill of exceptions[3] with respect to the denial of his motion to extend the return.

1. The only issue presented by the petition is whether, in view of Finn's answer to part (1) of question 5 (a), the commission acted within its authority in evaluating Finn's answer as it did. Ferguson essentially seeks relief on the ground that Finn should have been given no credit for his answer, because of the contention that the answer to part (1) of the question was wrong as a matter of law. The question, the answer, and a full statement of the commission's reasons for its action are shown in the return. It would have been preferable if the commission had set out in its return the formal records of the director and of the commission itself (sought by the motion for a further return)

---

[2] The commission further said: "The [c]ommission also found that there is no authoritative decision . . . whether after conviction under G. L. c. 266, § 60, and sentence under G. L. c. 266, § 61, the person convicted, who cannot be sentenced to State prison, is to be considered as having been convicted of a felony rather than a misdemeanor. The [c]ommission believes that since the person referred to in the question could not have been sentenced to State [p]rison, and G. L. c. 274, § 1, specifically provides that only offenses for which a state prison sentence may be imposed shall constitute felonies, that if the question were to be raised in a proper case the [c]ourt would hold that, reading G. L. c. 266, §§ 60 and 61, and G. L. c. 274, § 1, together, a person convicted and sentenced as described . . . is not to be considered as having been convicted of a felony. The [c]ommission found that . . . Finn having in his answer to the question . . . stated the crucial fact that a sentence to state prison could not be imposed, he should receive full credit for his answer."

[3] Ferguson in his brief states "that, in the event that this [c]ourt determines that the record is sufficient to enable it to make a determination, then . . . [Ferguson] will not press his bill of exceptions."

showing the specific reasons for its action, instead of, or in addition to, the statements contained in the return. See *Moore* v. *Civil Serv. Commn.* 333 Mass. 430, 436. In the circumstances, however, particularly in view of Ferguson's concession in his brief (see fn. 3, *supra*), we think that the return adequately set out the facts alleged in the petition to permit Ferguson to present the issues therein raised. See *Attorney Gen.* v. *Board of Pub. Welfare of Wilmington,* 328 Mass. 468, 471. There was no error in the denial of the motion for a further extension of the return.

2. Question 5 (a) calls not only for an opinion about a legal issue but also for each applicant's reasons for his opinion. The form of the question indicates that it was designed to test the applicant's knowledge by obtaining explanation of the grounds for his answer to part (1), as well as by the answer to the first part of the question. As the commission pointed out (see fn. 2, *supra*), Finn's answer showed that he understood the principal statutory considerations affecting the legal problem and the practical consequences of applying the statutes in the circumstances. The amount of credit to be given for this answer by a police official was a matter within the commission's sound and honest discretion, in the light of all relevant factors, including its experience in giving similar examinations to persons of comparable training and qualifications. In *Barry* v. *Civil Serv. Commn.* 323 Mass. 431, 434, it was said, "In determining the accuracy of answers and the proper marks to be awarded, the director is given broad discretionary powers administrative in nature to make findings of fact . . . . On appeal the . . . [commission is] vested with similar powers subject to c. 31, §§ 2 (b), 12A." The petition does not allege, and the return does not disclose, facts showing that the commission improperly gave full credit for an answer which revealed practical understanding of the problem. The commission was entitled to regard the reasoning as the important aspect of the answer and the first part of the answer merely as laying the foundation for a statement of reasons. As was said in the *Barry* case, "[a] writ of

certiorari does not ordinarily lie to correct findings of fact'' and the *Barry* case equates the marking of an examination answer to a finding of fact.    The applicable rule has been said to be that ''[s]o long as . . . [such] boards conduct their examinations fairly and uniformly in accordance with lawful authority and their own rules and regulations, their judgment as to . . . proper grading of . . . examinations will not be disturbed by the courts, unless clearly shown to be arbitrary or devoid of logic and reason.''    *State* v. *Board of Elec. Examrs.* 101 So. 2d 583, 586 (Fla.).

The commission has adequately stated in its return reasonable grounds for considering that the director failed to give adequate credit to Finn's answer ''through mistake.'' See G. L. c. 31, § 2 (b), as amended through St. 1945, c. 725, § 1.    We, of course, do not purport now to pass upon the legal issue presented by question 5 (a).[4]

3.    We need not decide whether Ferguson properly could seek review of the commission's action by certiorari, for, in any event, the record shows that the commission did not abuse its discretion in determining the weight to be given to Finn's answer.    See *Moore* v. *Civil Serv. Commn.* 333 Mass. 430, 434–435.

*Exceptions overruled.*
*Order for judgment affirmed.*

---

[4] See, in addition to the statutes mentioned by the commission in its return (see fn. 2, *supra*), as bearing upon the question asked, *Harding* v. *Commonwealth*, 283 Mass. 369, 371–372; *Commonwealth* v. *Boris*, 317 Mass. 309, 310 (tried under G. L. c. 278, §§ 33A–33G, as amended); *Commonwealth* v. *Kelley*, 333 Mass. 191, 192.  Cf. *Collins* v. *Commonwealth*, 315 Mass. 167, 170.