JAMES H. SHARKEY *vs.* CIVIL SERVICE COMMISSION. June 19, 1970. Sergeant Sharkey on a written examination for promotion received a mark of 67.2. To become eligible he required a mark of at least 70. Review by the Director of the Division of Civil Service (G. L. c. 31, § 12A, as amended through St. 1967, c. 780, § 13) and an appeal to the commission (c. 31, § 2 [b], as amended through St. 1969, c. 15, § 1) resulted in no sufficient increase in his mark to make him eligible. Sergeant Sharkey was marked zero on his answer to a question involving a legal issue which is not now decided by us, and has not been decided by this court since the enactment of St. 1968, c. 721, § 1 (the 1968 statute). That issue is whether conspiracy to receive stolen property worth $55 is a "crime", a felony, or a misdemeanor. See G. L. c. 266, § 60; c. 274, § 1 and § 7 (as amended somewhat obscurely in some respects by the 1968 statute). Although the question, which required a multiple choice answer, was hardly a suitable device for testing Sergeant Sharkey's capacity to reason on an issue of law, it was a permissible inquiry. A Superior Court judge correctly sustained the commission's demurrer to a petition for a writ of certiorari. The answer to a question upon an administrative examination of this type (even if it be a question about a legal matter) is not a question of law which may be raised by certiorari. The commission's decision concerning answers to such questions, unless marked in a manner "clearly shown to be arbitrary or devoid of logic and reason," will not be disturbed upon review by certiorari. See *Ferguson* v. *Civil Serv. Commn.* 344 Mass. 484, 488. See also *Barry* v. *Civil Serv. Commn.* 323 Mass. 431, 433–434. No facts are alleged which suggest any arbitrary action, or action otherwise than in good faith to test fairly the persons examined.

*Order sustaining demurrer affirmed.*

*Julius H. Soble* for the petitioner.
*Charles K. Mone*, Assistant Attorney General (*Walter H. Mayo, III,* Assistant Attorney General, with him), for the respondent.