## In re Jerry B. Michaels

*William G. Sesler,* for appellant.

WOLFE, *P. J.,* October 22, 1975 — This matter is before us on appeal of Jerry B. Michaels, appel-

lant, from refusal of the Civil Service Commission of the Borough of Warren to promote him to the position of Firefighter Class A.

Counsel for appellant and the commission have stipulated as to the facts and have submitted only a single issue of law, namely, were appellant's rights violated and was he discriminated against when the commission refused to apply the "curve" method of grading his examination?

On February 14, 1974, appellant took the commission's oral and written examination for promotion to Firefighter Class A and was advised by the commission on February 19, 1974, he had passed the examination with a grade of 75.8. On March 11, 1974, appellant was advised by the commission his promotion was erroneously recorded and his grade was 65.8 and his name would not be submitted to council for promotion. There was no reason advanced to him why the grade was lowered except that the first rating was erroneous.

The rules and regulations of the commission require the minimum test grade for a Firefighter Class A shall be a score of 70 percent. This includes an additional credit for service in the Armed Forces which appellant would have received had he acquired a score of 70. The written portion of the examination comprises 70 percent of the final grade and 30 percent of the final grade is through oral examination. Appellant bases his argument on the premise the commission administered an identical examination in 1972 and during the course of the administration of the oral portion the applicants informed the commission they had not received training in the areas covered by the written portion and therefore the commission "curved" the results of the written portion which

resulted in nine of the applicants passing the examination whereas had the "curved" method not been used only two applicants would have passed. Appellant claims that the commission must be consistent in its method of scoring and the "curve" method should apply to his case. With this argument we cannot agree.

Appellant finds support in the statute governing civil service for policemen and firemen as set forth in The Borough Code, Act of February 1, 1966, P.L. (1965) 1656 (No. 581), sec. 1176, 53 P.S. §46176, providing:

"The commission shall have power to prescribe, amend and enforce rules and regulations for carrying into effect the provisions of this subdivision and shall be governed thereby. Before any such rules and regulations are in force the same shall first be approved by the council of the borough. When such rules and regulations have been so approved, they shall not be annulled, amended, or added to, without the approval of the said council. All rules and regulations and modifications thereof shall be made available by the boroughs for public distribution or inspection."

Although appellant agrees that the rules and regulations of the Civil Service Commission of the Borough of Warren and the foregoing act do not declare the method by which appellant's final grade shall be tabulated, nonetheless the primary purpose of the Civil Service laws is to establish impartiality and a uniform procedure for determining competency and merit among civil servants and to invoke different methods of grading from one examination to the other deteriorates the entire Civil Service procedure and spirit. Appellant cites Ferguson v. Civil Service Commission, 344

Mass. 484, 182 N.E. 2d 826 (1962); Barry v. Civil Service Commission, 323 Mass. 431, 82 N.E. 2d 607, 610 (1948), for the proposition:

"In order to maintain the integrity of such procedures, civil service boards are charged with the duty to conduct their examinations fairly and uniformly in accordance with lawful authority under their own rules and regulations, treating all persons or groups subject to their jurisdiction equally and justly."

We have no argument with this proposition; indeed, the Civil Service law was to correct the evils of the "spoils system" under which public office was made the reward for political work irrespective of the applicant's efficiency and competency.

Because there is no rule or regulation governing the issue before us, which appears to be one of the first instance, it does not follow that the commission is prohibited in exercising its administrative prerogative in its method of grading examination results provided all applicants for a particular examination are graded uniformly. To compel the commission to grade appellant's examination results by the same system it used in 1972 is, in effect, tacitly writing a rule that does not exist, to wit, that the commission shall grade all examination results by the "curve" system. We think the remedy to correct his allegation of impropriety is the adoption of such a rule by the commission in accordance with the act. In this regard the commission has the authority under section 1181 of the Act 53 P.S. §46181, to:

"The commission shall make rules and regulations to be approved as provided in section 1176 hereof, providing for the examination of applicants for positions in the police force and as paid

operators of fire apparatus and for promotions, which rules and regulations shall prescribe the minimum qualifications of all applicants to be examined and the passing grades. . . . The commission shall post in its office the eligible list, containing the names and grades of those who have passed the examination. . . ."

There is at least some implication that the commission can use different methods in grading examination results in the latter section; however, this is not clear, and neither the act nor the commission rules prohibit the different methods of grading.

As was held in Ferguson v. Civil Service Commission, 182 N.E. 2d 826, wherein the court resolved the issue of the weight to be given an answer on a Civil Service examination:

" 'The applicable rule has been said to be that "[s]o long as . . . [such] boards conduct their examinations fairly and uniformly in accordance with lawful authority and their own rules and regulations, their judgment as to . . . proper grading of . . . examinations will not be disturbed by the courts, unless clearly shown to be arbitrary or devoid of logic and reason." ' "

In Cowen et al. v. Reavey et al., Civil Service Commission, 283 N.Y. 232, 28 N.E. 2d 390 (1940), the court held:

"It is the function of the Civil Service Commission to fix a fair and reasonable standard by which may be tested the qualifications of applicants for appointment in the civil service."

In this case the court held it was the prerogative of the commission to place the weight to the examination and the exercise of that function may be the subject of judicial review only in the event

of a clear showing that in fixing the test of fitness the action by the commission was arbitrary, capricious or unreasonable.

The stipulated facts do not reveal why the commission determined to rescore appellant's examination. The notice to him merely advised the grading was erroneously recorded.

The record also discloses a future potential dispute in that apparently the commission has been advising applicants of the subject matter of the examination so that the applicants can concentrate in that area for testing purposes.

Although this issue is not before us we can only suggest the commission also consider a rule if its practice is to continue to possibly avoid a subsequent confrontation. We would also suggest the commission promulgate a rule concerning the method of grading for future purposes.

Notwithstanding the foregoing, we are of the opinion the commission cannot rescore a passing grade to a non-passing grade by use of a different method solely after the scoring has been completed on a particular examination. As stated, the record is barren and the parties' stipulation does not reveal why the commission in the instant case used both systems of straight line grading and curve grading. Our opinion in this regard is not based on the prior method of examination in 1972 but, rather because of the lack of any consistency in the commission's grading method to which applicants should not be subjected to determine if they will be promoted. In so holding we appreciate that the commission has wide discretion in administrative matters in determining and promulgating its rules and regulations. However, the commission is charged with the duty to make rules

and regulations to be approved by the borough under section 1181 of the act, and thereafter, applicants are chargeable with notice thereof. Indeed, we see no legal impediment to such a rule's providing that it is within the commission's discretion to use either method of scoring on any particular examination if there is sound reason for doing so.

To leave the method open as in the instant case subjects the commission to suspicion and accusations of arbitrariness, especially when the commission is not required to advance any reason for the method of grading it adopts.

For these reasons we enter the following

### ORDER

And now, October 22, 1975, the decision of the Civil Service Commission is reversed and the commission is directed to certify appellant, Jerry B. Michaels, to the Borough of Warren for promotion to Firefighter Class A.