Egnet *v.* Commissioner of Public Safety.

---

DANIEL E. EGNET *vs.* COMMISSIONER OF PUBLIC SAFETY & another.

Suffolk.    February 16, 1977. — March 9, 1977.

Present: HALE, C.J., GOODMAN, & ARMSTRONG, JJ.

*Administrative Matter. Civil Service. Declaratory Judgment. Jurisdiction, Civil,* Declaratory relief, Judicial discretion. *Practice, Civil,* Declaratory proceeding.

A complaint for declaratory relief which alleged that certain questions in a civil service examination were vague and that the plaintiff's answers were erroneously marked incorrect raised no question of law for review by a court. [190-191]

Egnet *v.* Commissioner of Public Safety.

CIVIL ACTION commenced in the Superior Court on July 23, 1974.

The case was heard by *Lynch*, J., on a motion to dismiss.

*David Berman* for the plaintiff.

*Thomas R. Kiley*, Assistant Attorney General (*Michael J. Barry* with him) for the defendants.

HALE, C.J. This case involves a complaint for declaratory and injunctive relief in which it is alleged that the plaintiff, a sergeant in the State police force, took and received a failing grade in an examination to qualify for promotion to the rank of lieutenant. The plaintiff claimed a timely appeal to the review board appointed by the Commissioner of Public Safety pursuant to G. L. c. 22, § 9R,[1] and the rules and regulations governing the Massachusetts State police.[2] The review board "voted not to change sufficient answers given by [the plaintiff] to raise his grade on the examination so as to make him eligible for promotion to lieutenant."

---

[1] General Laws c. 22, § 9R, inserted by St. 1965, c. 785, § 2, provides: "The commissioner shall include in the rules and regulations of the department the procedure affording the right of appeal and the time within which vacancies shall be filled."

[2] The regulations are said to provide: "14.20 Appeals — The State Police Personnel Officer shall be responsible for establishing appeal procedures in conjunction with promotional examinations held by the department in compliance with the provisions of Chapter 22, Section 9R of the General Laws.

"14.21 A Board consisting of three Commissioned Officers, no officer of whom has written a current evaluation report, or who has been a member of a current oral board for the candidate, will be designated by the Commissioner to meet at a time and place which shall be designated by order of the Commissioner to sit on appeals. The Commissioner will cause notice to be sent to the officer concerned in such appeal not less than *three days* prior to such hearing, notifying him of the time and place where such appeal will be heard.

"14.22 The findings and the recommendations of such board shall be delivered to the Commissioner in writing.

"14.23 After the Board has processed all appeals for a specific promotional examination, the Commissioner will then publish in Special Orders a final eligibility list.

"14.24 The Commissioner will make selections from this final eligibility list and promotions will be published in Special Orders."

The defendants moved to dismiss the complaint on the grounds of lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted. Mass. R.Civ.P. 12(b) (1), (6), 365 Mass. 755 (1974). The plaintiff has appealed from the judgment which followed the allowance of that motion.

This case falls within the narrow class of cases exemplified by *County of Dukes County* v. *New Bedford, Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.* 333 Mass. 405 (1956), in which it was stated at 406-407: "Ordinarily a demurrer cannot properly be sustained to a bill for a declaratory decree on the ground that the court does not agree with the proposition for which the plaintiff contends. Usually a declaratory decree should be made in any event. *Burnes* v. *Metropolitan District Commission,* 325 Mass. 731, 733 [1950]. *Zaltman* v. *Daris,* 331 Mass. 458 [1954]. *Morgan* v. *Banas,* 331 Mass. 694, 698 [1954]. But where the plaintiff has failed to state a case presenting a controversy proper for determination under the declaratory procedure there is no reason why a demurrer may not be sustained. It may well be doubted whether a proper case was here presented. But we do not think it necessary to decide the question whether as a technical matter the demurrer of the city was rightly sustained. The appeals from the final decree brought here the question of discretion whether a declaratory decree ought to be entered. *Merchants Mutual Casualty Co.* v. *Leone,* 298 Mass. 96, 99-100 [1937]. *Hogan* v. *Hogan,* 320 Mass. 658, 662-663 [1947]. *Carlton Hotel, Inc.* v. *Abrams,* 322 Mass. 201 [1948]. G. L. (Ter. Ed.) c. 231A, § 3." We are of the opinion that the present case falls within the authority of the *County of Dukes County* case and that the declaratory and other relief requested should not be granted for the reasons stated below.

The examination was made up of 100 questions which required multiple choice answers. The plaintiff states that his answers to thirty-eight of these were marked wrong. He alleges that in twenty-four of the thirty-eight the questions "were so vague and indefinite as to be incomprehen-

sible and/or the answers given by petitioner thereto were correct and should not have been marked wrong."

We have reviewed the disputed questions and, despite the typographical and grammatical errors which appear in some of them, we do not find them "so vague and indefinite as to be incomprehensible."

Thus, the complaint is left with the allegation that the answers given by the plaintiff to certain questions were incorrectly marked wrong. The defendant had broad discretion not only in determining what questions to ask but also in determining what the correct answers to those questions were. In a case such as the present where there is no allegation of discrimination or arbitrariness in the way the examination was given, corrected or reviewed on appeal (see *Greenberg* v. *Assessors of Cambridge,* 360 Mass. 418, 422 [1971]), the correctness of the marking of answers to an administrative examination raises no question of law for review by a court. See *Barry* v. *Civil Serv. Commn.* 323 Mass. 431, 433-434 (1948); *Ferguson* v. *Civil Serv. Commn.* 344 Mass. 484, 487-488 (1962); *Sharkey* v. *Civil Serv. Commn.* 357 Mass. 785 (1970).

The plaintiff has been afforded the protection of the appeal process provided by the provisions of G. L. c. 22, § 9R, and the rules and regulations promulgated pursuant to that statute's mandate. On the posture of the case as it comes to us, the plaintiff would have us reverse the judgment and return the case to the Superior Court where a judge of that court would be required to review and recorrect the plaintiff's examination papers. That, in the exercise of our discretion, we decline to do. See *County of Dukes County* v. *New Bedford, Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.* 333 Mass. at 409; *Employers Mut. Liab. Ins. Co.* v. *Ford Motor Co.* 335 Mass. 504, 506 (1957); *James Constr. Co.* v. *Commissioner of Pub. Health,* 336 Mass. 143, 147 (1957).

*Judgment affirmed.*