RAYMOND H. YOUNG, trustee,[1] *vs.* DEPARTMENT OF
PUBLIC WELFARE.

Middlesex. November 3, 1993. - December 17, 1993.

Present: LIACOS, C.J., ABRAMS, NOLAN, LYNCH, & GREANEY, JJ.

*Probate Court*, Jurisdiction, Interpretation of trust instrument. *Jurisdiction*, Probate Court, Declaratory relief.

A Probate Court judge had jurisdiction to issue a declaratory judgment concerning the interpretation of the provisions of a trust, and the fact that the trustee's discretion under the terms of the trust was interrelated with the Department of Public Welfare's Medicaid eligibility standards did not deprive the Probate Court of jurisdiction. [633-634]


CIVIL ACTION commenced in the Middlesex Division of the Probate and Family Court Department on July 22, 1991.

The case was heard by *Sheila E. McGovern*, J., on motions for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Judy A. Levenson*, Assistant Attorney General, for the defendant.

*Robert O. Berger* for the plaintiff.

NOLAN, J. The Department of Public Welfare (department) appeals a judgment issued by a judge of the Probate and Family Court interpreting the terms of a trust[2] and declaring the trustee's rights, duties, and obligations thereunder. The trustee, Raymond H. Young, of the North Chelmsford Trust, an irrevocable trust established for the benefit of

---

[1] Of the North Chelmsford Trust.

[2] Janis K. Kokoska, the primary beneficiary of the North Chelmsford Trust; and Frances R. Kokoska, John A. Kokoska, Kim-Ann Kokoska, and Christopher J. Kokoska, the secondary beneficiaries, are not parties to this appeal.

Janis K. Kokoska, had filed a complaint for instructions after the department had denied Kokoska continued eligibility for Medicaid benefits on the ground that the trust's assets were available to Kokoska in the trustee's discretion. The Probate Court judge declared that, under the terms of the trust, the trustee's discretion is limited to making contributions to Kokoska which supplement the benefits, including Medicaid benefits, to which Kokoska is entitled, and that the trustee has no discretion to make contributions if that would render Kokoska ineligible to receive such benefits. The department contends that the Probate Court lacked jurisdiction to issue the declaratory judgment against it because the judge's instructions essentially determined the Medicaid eligibility of Kokoska, the subject of a pending administrative proceeding in which the right to appeal lies in the Superior Court. Because we conclude that the Probate Court judge did not redetermine Kokoska's Medicaid eligibility but merely interpreted the trust instrument and instructed the trustee thereunder, we conclude that she did not exceed her jurisdiction and affirm the declaratory judgment.

The North Chelmsford Trust was established in September, 1983, pursuant to a decree of the Probate Court. This trust was established for the primary benefit of Janis K. Kokoska, a mentally retarded person. In 1965, when she was twelve years old, Kokoska suffered severe brain damage during an operation. Kokoska is presently under the guardianship of her brother, John A. Kokoska. Shortly after the trust's establishment, Kokoska applied to the department for Medicaid benefits and was deemed eligible for such assistance.

The department administers a program of medical assistance known as Medicaid pursuant to G. L. c. 118E (1992 ed.), and Title XIX of the Social Security Act, 42 U.S.C. §§ 1396 et seq. (1988 & Supp. III 1991). Pursuant to its administrative powers, the department promulgates regulations. In 1989, the department amended the State Medicaid regulations. Under the amended regulations, the assets of a trust which were available to an applicant were counted in

determining Medicaid eligibility. See 106 Code Mass. Regs. § 505.160(J)(2) (1989). The amount deemed available to an applicant is the maximum amount that the trustee has discretion to disburse to the applicant under the terms of the trust. After amending its regulations, the department reviewed Kokoska's eligibility and, on June 19, 1991, determined that she was no longer eligible to receive Medicaid benefits. The department interpreted the trust instrument as providing the trustee with discretion to disburse the whole trust res to Kokoska.[3] Accordingly, the department included the approximately $178,000 in trust res in Kokoska's countable assets. The department then determined that her countable assets exceeded the program limit and terminated her Medicaid benefits, effective July 1, 1991.

On July 22, 1991, the trustee commenced this action by filing a complaint for instructions with the Probate Court naming the department, Kokoska, and the secondary beneficiaries as defendants. The complaint requested an interpretation of the trust agreement and a declaration instructing the trustee that, under the terms of the trust, the trustee's discretion was limited to making distributions to those amounts supplemental to Kokoska's Medicaid benefits and that the trustee has no discretion to make distributions which Kokoska is otherwise entitled to receive from Medicaid. The department answered the complaint and filed a motion for summary judgment on the grounds that the department was immune from suit and that the Probate Court lacked juris-

---

[3]The relevant language in art. 1 of the trust states that its purpose "is to provide for the *supplemental* care, comfort, health, maintenance, support, education, habilitation and welfare of the Primary Beneficiary, who is a mentally retarded person, taking into account the benefits of . . . assistance the Primary Beneficiary otherwise receives as a result of his or her disability . . . from any state or federal government or governmental agency . . . (hereinafter 'the Benefits'). . . . [T]he trust estate shall be used to the maximum extent possible to *supplement* such Benefits as are received by the Primary Beneficiary." (Emphasis supplied.)

diction because Kokoska had failed to exhaust the available administrative remedies.[4]

On October 23, 1991, on cross motions for summary judgment, the probate judge issued a declaratory judgment that, by the terms of the trust, the trustee's discretion is limited to making distributions which are supplemental to benefits, including Medicaid benefits, to which Kokoska is entitled because of her handicap, disability, age, or needs; that the trustee is not permitted to exercise any discretion if that exercise of discretion would render Kokoska ineligible to receive such benefits; and that, if Kokoska is ineligible to receive benefits for reasons other than the exercise of the trustee's discretion to make payments, then the trustee may make such payments for Kokoska's supplemental care and welfare. The judge ruled that, by filing an answer and by filing affidavits with its motion for summary judgment, the department had consented to be a party to this action. Furthermore, the judge concluded that the trustee was not seeking an appeal of the department's Medicaid eligibility determination, as the department contended, but was seeking an interpretation of the trust instrument and a declaration instructing the trustee thereunder. Holding that these matters are within the jurisdiction of the Probate Court, the judge issued the declaratory judgment. The judge reasoned that the fact that the exercise

---

[4]Also, in August, 1991, Kokoska requested a hearing before the department's division of hearings concerning the termination of her Medicaid benefits. On March 8, 1992, an appeals referee denied Kokoska's appeal. In its brief, the department reports that, on April 7, 1992, Kokoska filed suit in Superior Court for judicial review of the department's final decision, pursuant to G. L. c. 30A, § 14 (1992 ed.), and that, in January, 1993, by agreement of the parties, the Superior Court remanded the matter to the division of hearings to receive additional evidence, namely, the Probate Court's findings of fact and judgment in this action. The department has also informed this court that on November 17, 1993, the division of hearings upheld the department's decision terminating Medicaid benefits to Kokoska. At the time of oral argument in the case at bar, the division of hearings had not yet reached this decision. This subsequent decision has no bearing on our decision today, however, since we are concerned with whether the Probate Court had jurisdiction to issue its declaratory judgment concerning the meaning of the trust instrument and not whether the department erred in denying Kokoska her Medicaid benefits.

of the trustee's discretion under the terms of the trust is interrelated with the department's eligibility standards does not transform this action into an appeal of the eligibility determination. The judge ruled that the department can interpret its own regulation and decide whether Kokoska meets its requirements. On April 14, 1992, the court order was modified to permit the trustee to make payments for Kokoska's care and welfare during the time that the department denies payment of Medicaid benefits for Kokoska subject to the trustee obtaining reimbursement if the department's termination of Medicaid benefits is reversed on appeal.

On appeal, the department contends that the Probate Court lacked jurisdiction to issue these instructions binding on the department because this essentially determines Kokoska's Medicaid eligibility. The department argues that the rule that, in the absence of a statutory directive to the contrary, administrative remedies should be exhausted before resorting to the courts requires the Probate Court to dismiss this action against the department. Furthermore, the department argues that the fact that declaratory relief is requested does not excuse this requirement since no final agency decision has been rendered and that the only judicial review of the department's Medicaid determination is in the Superior Court under G. L. c. 30A (1992 ed.). In sum, the department argues that the Probate Court lacks jurisdiction to decide this action where Kokoska, through the trustee, seeks judicial review of the department's determination of Kokoska's eligibility.

The Probate Court is a court of limited jurisdiction which, pursuant to G. L. c. 215, § 6 (1992 ed.), has general equity jurisdiction. *Konstantopoulos* v. *Whately*, 384 Mass. 123, 127 (1981). Included in this grant is jurisdiction over all cases in which equitable relief is sought relative to "trusts created by will or other written instrument," including the interpretation of trust instruments. See *Burn* v. *McAllister*, 321 Mass. 660, 661 (1947). Indeed, the department does not contest this but instead contends that this action is essentially an appeal from the department's determination that

Kokoska is ineligible for Medicaid benefits and that the Probate Court lacked jurisdiction in declaring that the Department's determination was incorrect. The department's contentions are without merit. The Probate Court has the power to issue a declaratory judgment of its interpretation of a trust instrument. See *Burns* v. *McAllister, supra.* This is exactly what the Probate Court judge did in this action. The judge instructed the trustee on the meaning of the trust instrument and declared the trustee's rights under it. The judge did not hold that the department's Medicaid determination was in error. This issue was not considered. The judge expressly noted that the department may interpret its own regulation and determine whether Kokoska meets its criteria for Medicaid eligibility. The Probate Court had jurisdiction to issue the declaratory judgment.

*Judgment affirmed.*