Connolly, J.
The plaintiff, Miriam Bailey (“Miriam”), seeks judicial review pursuant to G.L.c. 30A, §14, of a January 14, 1998 decision of the defendant, Division of Medical Assistance (the “Division”), denying her medical assistance benefits for a period of 120 days. The Division’s denial was based on several disqualifying transfers of the plaintiffs assets to her son, Robert Bailey (“Robert”). After considering the administrative record and the arguments of counsel, the court will affirm the Division’s decision for the reasons set forth below.
BACKGROUND
The following facts are not disputed by the parties.
The plaintiff, Miriam Bailey, is 82 years old and presently resides at the Pond Meadow Nursing Home in Weymouth, Massachusetts.
In 1996, Miriam’s doctors informed her son Robert Bailey that because of her mental incompetence, Miriam would no longer be able to live alone or to attend to her day-to-day matters. Robert took up his duties as Miriam’s agent pursuant to a Durable Power of Attorney which had been previously executed by Miriam. In November 1996, Robert petitioned the Norfolk Probate Court for temporary guardianship, which was awarded to him.
Robert obtained permission from the Norfolk Probate Court to sell Miriam’s real estate in Braintree as Miriam’s agent and guardian. Robert used part of the proceeds from the sale to pay Miriam’s bills. Robert also made all the necessary arrangements and placed Miriam into Pine Meadow Nursing Home on July 8, 1996.
In February 1997, Robert sought advice from Attorney Richard D. Lane in Braintree, Massa Jiusetts, in an attempt to determine a fair compensation for the time he and his wife spent seeing to his mother’s affairs. Attorney Lane advised him that $25.00 per hour for his fiduciary services and $ 15.00 per hour for the services rendered by his wife would be a reasonable fee. Robert charged $15,500 for the services he provided as Miriam’s guardian and agent. Robert also charged $2,393.30 for out-of-pocket expenses spent on Miriam’s behalf.
On December 12,1997, Robert applied to the Division of Medical Assistance for medical assistance benefits on Miriam’s behalf. The Division denied Miriam’s request for benefits due to a disqualifying transfer of her assets valued at $53,893.00. This resulted in a disqualification period of 359 days beginning on February 1, 1997.[3]
Robert did not dispute that $36,000.00 of the $53,893.00 constituted a gift to him from Miriam. However, he appealed the Division’s decision challenging the transfer of approximately $18,000.00, which resulted in a disqualification of 120 days. The disputed $18,000.00 consisted of the two checks issued to Robert Bailey on February 13, 1997, one for $2,393.30 for out-of-pocket expenses and the other for $15,500.00 for compensation for services rendered to Miriam by Robert and his wife.
On February 25, 1998, Hearing Officer Stanley M. Kallianidis of the Division’s Board of Hearings heard Miriam’s appeal, number 980372. On March 26,1998, Officer Kallianidis issued a decision denying the appeal. Officer Kallianidis found that there was a lack of evidence to substantiate Robert’s claims that the $15,500.00 transfer was to pay him for his guardianship activities and that the $2,393.30 was to reimburse him for out-of-pocket expenses. Specifically, Officer Kallianidis found that there was no guardianship agreement calling for Robert to be paid for guardianship duties, and that there were no bills showing that Robert had paid any out-of-pocket expenses.[4] Further, Officer Kallianidis found that the transfers were made for no other purpose than to qualify for Medical Assistance. Officer Kallianidis concluded that, in determining that the withdrawals were disqualifying transfers and in imposing a penalty, the Division acted in accordance with appropriate regulations.
Miriam appealed Officer Kallianidis’ decision pursuant to G.L.c. 30A, §14.
DISCUSSION
The parly appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Vehicle Liab, Policies & Bonds, 27 Mass.App.Ct. 470, 474 (1989). A court may set aside a State administrative agency’s decision if it determines, based on the record before it, “that the substantial rights of any party may have been prejudiced because the agency decision is: in violation of constitutional provisions: in excess of the statutory authority or jurisdiction of the agency: based upon an error of law; unsupported by substantial evidence; unwarranted by facts found by the court on the record submitted; arbitrary or capricious; an abuse of discretion; or otherwise not in accordance with the law." G.L.c. 30A, §14(7)(a)-(g). Miriam Bailey maintains that the Division exceeded its authority *170 when it denied her application for medical assistance benefits and that such decision was arbitrary and capricious.
Preliminarily, the plaintiff has filed a Motion for Leave to File a Supplemental Memorandum and Additional Exhibits in support of her Motion for Judgment on the Pleadings. The evidence contained in the plaintiffs memorandum and exhibits was not presented to the hearing officer at the time of the administrative appeal. Specifically, Miriam seeks to admit (1) a November 9, 1998 report submitted by Lisa Poblocki, the Guardian Ad Litem appointed by the Probate Court to review the First and Final Account of Robert Bailey as temporary guardian for Miriam Bailey; and (2) the December 21, 1998 Probate Court Judgment allowing Robert Bailey’s account.
Pursuant to G.L.c. 30A, §14, judicial review of a final agency decision is confined to consideration of the administrative record. G.L.c. 30A, §14(5).[5] However, the reviewing court may order that additional evidence be taken before the agency upon a showing that the evidence is material and that there was good reason for failure to present it in the original proceeding. See G.L.c. 30A, §14(6);[6] see also Benmosche v. Board of Registration in Medicine, 412 Mass. 82 (1992).
The additional evidence that the plaintiff seeks this court to consider does not satisfy the conditions set forth in G.L.c. 30A, §14(6). Miriam seeks to introduce the Probate Court documents as evidence that Robert’s fiduciary fee of $15,500 was reasonable and therefore did not constitute a disqualifying transfer of assets. However, this evidence is not material to the present case because in determining the plaintiffs eligibility for medical benefits, the Division is not bound by Probate Court rulings. See Young v. Department of Welfare, 416 Mass. 629, 633-34 (1993). “The [Division] may interpret its own regulation and determine whether [Miriam Bailey] meets its criteria for [medical assistance] eligibility.” Id. For this reason, the Probate Court’s allowance of Robert Bailey’s accounting is not material to the Division’s decision to deny Miriam medical assistance benefits based on what the Division found were disqualifying transfers of assets. The plaintiffs motion to present additional evidence is therefore denied.
Next, Miriam challenges the Division’s finding that the disputed $18,000.00 transfer constituted a disqualifying transfer of assets under 130 C.M.R. 520.018 and 520.019(D). In reviewing the Division’s decision, this Court is required to give “due weight to the experience, technical competence and specialized knowledge of the agency, as well as to the discretionary authority conferred on it.” See Flint v. Comm’n of Public Welfare, 412 Mass. 416, 420 (1992). The Division “has considerable leeway in interpreting a statute it is charged with enforcing.” Martinez v. Commissioner of Public Welfare, 397 Mass. 386, 392 (1986), quoting Grocery Mfrs. of Am., Inc. v. Dept, Of Public Health, 379 Mass. 70, 75 (1979). Further, the Division’s decision “should only be overturned if it is ‘arbitrary or unreasonable.’ ” Norwood Hospital v. Commissioner of Public Welfare, 417 Mass. 54, 58 (1994), quoting Boston Preservation Alliance, Inc. v. Secretary of Envt. Affairs, 396 Mass. 489, 498 (1986).
The Division’s regulations provide that “[t]he Division will deny payment for nursing-facility services to an otherwise eligible nursing-facility resident who transfers countable resources for less than fair-market value during or after the period of time referred to as the look-back period.” 130 C.M.R 520.018(B). The look-back period “begin[s] on the first date the individual is both a nursing-facility resident and has applied for or is receiving MassHealth Standard. This period generally extends back in time for 36 months.” 130 C.M.R. 520.019(C).
On February 13, 1997, Miriam transferred the $18,000.00 to Robert. Since Miriam applied to the Division for medical assistance benefits on December 12, 1997, the $18,000.00 transfer occurred within the look-back period. Such transfer was not a permissible transfer pursuant to the Division’s regulations. 130 C.M.R. 520.019(E). Further, there was no evidence at the administrative hearing of the existence of a guardianship agreement between Miriam and Robert under which Robert was to receive compensation for his fiduciary duties. Finally, the receipts presented by Robert for the out-of-pocket expenses spent on Miriam’s behalf were not verified as having been spent on Miriam. Under these facts, Hearing Officer Kallianidis was justified in finding that Miriam did not demonstrate, to his satisfaction, that the $18,000.00 were transferred for any other purpose than to qualify for medical assistance. 130 C.M.R. 520.019(G).[7] Thus, the $18,000.00 transfer was a disqualifying transfer of assets pursuant to Division regulations and justified the 120-day suspension.
ORDER
For the foregoing reasons, judgment shall enter affirming the Division of Medical Assistance’s decision denying Miriam Bailey medical assistance benefits for a period of 120 days.

 The penalty period was determined by dividing the amount of the transfers by $150.00 per day, or 359 days beginning February 1, 1997.

 The Division does not object to this court’s consideration of some receipts attached to the plaintiffs motion which the plaintiff states represent some of the out-of-pocket expenses at issue in this case.

 G.L.c. 30A §14(5) states in relevant part: ‘The review shall be conducted by the court without a jury and shall be confined to the record . . .”

 G.L.c. 30A §14(6) states in relevant part: “If application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the *171 additional evidence is material to the issues in the case and that there was good reason for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon such conditions as the court deems proper.”

 130 C.M.R. 520.019(G) states in relevant part:
Determination of Intent In addition to the permissible transfers described in 130 C.M.R. 520.019(E), the Division will not impose a period of ineligibiliiy for transferring of resources at less than fair market value if the nursing-facility resident or the spouse demonstrates to the Division’s satisfaction that:
(1) the resources were transferred exclusively for a purpose other than to qualify for MassHealth.