NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

14-P-182                                          Appeals Court


MAURICE NEEDHAM[1]  vs.  DIRECTOR OF THE OFFICE OF MEDICAID.


No. 14-P-182.

Essex.     January 14, 2015. – October 20, 2015.

Present:  Katzmann, Sullivan, & Blake, JJ.


Medicaid.  Administrative Law, Regulations, Agency's
    interpretation of statute, Agency's interpretation of
    regulation.  Probate Court, Judgment, Trust.  Trust,
    Reformation.



Civil action commenced in the Superior Court Department on
December 28, 2012.

The case was heard by Maynard M. Kirpalani, J., on a motion
for judgment on the pleadings.


Elizabeth N. Dewar, Assistant State Solicitor, for the
defendant.
Peter J. Caruso for the plaintiff.


SULLIVAN, J.  This is an appeal pursuant to G. L. c. 30A

from a judgment of the Superior Court reversing the denial of

long-term care benefits under the Commonwealth's Medicaid

_____

[1] Also known as Maurice E. Needham.

program.  A judge of the Superior Court concluded that the Director of the Office of Medicaid (MassHealth)[2] was bound by an order of a judge of the Probate and Family Court reforming a trust, and was obligated to consider the reformed trust when determining countable assets for purposes of Medicaid eligibility for long-term care benefits.  We conclude that MassHealth is bound by Federal law in making eligibility determinations, that Federal law prohibits recognition of the reformation of the trust within the statutory look-back period, and that MassHealth therefore could not be compelled to consider the reformed trust in evaluating eligibility.  Accordingly, we reverse the judgment and remand for entry of judgment in favor of MassHealth.

Background.  The facts of the case are undisputed.  In his February 11, 2011, application for MassHealth long-term care benefits, the plaintiff Maurice Needham[3] disclosed two trusts, one revocable and one irrevocable.  The revocable trust held only the family home valued at $412,400, and named the irrevocable trust, of which Needham was also the settlor, as the

---

[2] The Office of Medicaid, also known as MassHealth for the Massachusetts Medicaid program it administers, see G. L. c. 118E, § 9A, falls under the authority of the Secretary of the Executive Office of Health and Human Services.  See G. L. c. 6A, §§ 16, 16B.

[3] At the time Needham was over sixty-four and resided in a nursing home.

sole beneficiary.[4]  MassHealth reviewed this and other financial information for purposes of determining whether Needham met the financial eligibility requirements for long-term care under the Medicaid program.  See 130 Code Mass. Regs. § 520.003(A)(1) (2009) (setting an eligibility ceiling of $2,000 in countable assets).  The irrevocable trust, also valued at $412,400, was deemed countable by MassHealth because a provision of the trust instructed the trustee to accumulate principal and to use it for the settlor's future needs without regard to the interest of the remaindermen, his children.[5]  MassHealth concluded that Needham was financially ineligible for services because he had countable assets in excess of the $2,000 limit.

Pursuant to G. L. c. 118E, §§ 47, 48, a hearing officer held an evidentiary hearing on Needham's subsequent administrative appeal to the MassHealth board of hearings.  At Needham's request, the hearing was suspended in 2012 in order to permit the filing of a complaint in the Probate and Family Court to approve a stipulation between Needham, as beneficiary of the

---

[4] The revocable trust was created in 1996, but the designation of the irrevocable trust as beneficiary occurred in 1999, on the same day the irrevocable trust was created.  Needham's wife was also a settlor of each trust, but she passed away in 2007.  We refer to Needham as the settlor.

[5] In MassHealth's view, this made the assets available to the settlor.  In addition, the settlor retained control over the real estate held in trust because any sale of the real estate required the settlor's consent.

irrevocable trust, and his children, the co-trustees of the trust.[6]  The stipulation was meant to remove the provisions of the irrevocable trust that rendered Needham ineligible for MassHealth long-term care benefits.  At the parties' request, a judge of the Probate and Family Court approved the stipulation, which stated that the reformation was effective ab initio.[7]  The administrative hearing resumed and the judgment of May 25, 2012, incorporating the approved stipulation was offered into evidence.

The hearing officer, applying 42 U.S.C. § 1396p(d)(3)(B)(i) (2012), and 130 Code Mass. Regs. § 520.023(C)(1)(a) (2009),[8] concluded in his decision of December 5, 2012, that under the original 1999 irrevocable trust, the assets remained available to Needham, thus rendering him ineligible for benefits.  The hearing officer then applied the Federal and State statutes and regulations that treat certain transfers of assets for less than

---

[6] One of Needham's daughters, a remainderman and a plaintiff in the case, signed the stipulation on Needham's behalf acting under a power of attorney.

[7] The complaint for declaratory relief and reformation alleged that the reformation was a matter of form only, and that reformation was requested to correct a scrivener's error and to better effectuate the settlor's intent.  The complaint did not refer to the statutory or regulatory provisions governing disqualifying transfers.  MassHealth was not named as a party, although Needham represents that it was notified.

[8] All citations in this opinion to the United States Code and the Massachusetts regulations are to the versions just indicated.

fair market value made after February 8, 2006, as disqualifying transfers if they occur within a sixty-month look-back period. See Shelales v. Director of the Office of Medicaid, 75 Mass. App. Ct. 636, 637-638 (2009); 42 U.S.C. § 1396p(c)(1)(A), (B); 130 Code Mass. Regs. §§ 520.019(B), 520.023(A)(1)(b)(3). He assumed that the 2012 reformation would have rendered the assets of the irrevocable trust noncountable, but concluded that the reformation was itself a disqualifying transfer of assets into a trust under 130 Code Mass. Regs. § 520.019(C), (F), because the reformation was sought for purposes of qualifying for benefits and the reformation fell within the prescribed look-back period.[9]

An appeal pursuant to G. L. c. 30A ensued. Ruling on Needham's motion for judgment on the pleadings, a judge of the Superior Court concluded that MassHealth, "as an arm of the Commonwealth, is bound by [the Probate and Family] [C]ourt's order," and that because the judgment of the Probate and Family Court approved a stipulation reforming the trust ab initio, the original trust had never existed. A Superior Court judgment entered for Needham, ordering MassHealth to consider the issue of his eligibility by reference to the trust "in its current

---

[9] Under the applicable regulations, the look-back period begins on the first date the individual is both in a nursing facility and has applied for benefits. 130 Code Mass. Regs. § 520.019(B). There are also provisions for "cure," which are not at issue in this appeal. See, e.g., 130 Code Mass. Regs. § 520.024(C).

form."  Now before us is MassHealth's further appeal pursuant to
G. L. c. 30A.[10]

Discussion.  Our review reduces to whether the hearing
officer's decision was based on an error of law.  See G. L.
c. 30A, § 14(7)(c).  On appeal, Needham does not contest that
the irrevocable trust, in its original form, contained countable
assets that would render him ineligible for Medicaid benefits.
See Doherty v. Director of the Office of Medicaid, 74 Mass. App.
Ct. 439, 442-443 (2009) (discussing similar trust).  Rather,
Needham contends that MassHealth was required to consider the
reformed trust, and that the State regulations governing
disqualifying transfers are inapplicable because the original
trust ceased to exist upon reformation.  We disagree.

Medicaid is a cooperative State and Federal program,
intended to provide medical assistance to certain persons "whose
income and resources are insufficient to meet the cost of
necessary medical services."  42 U.S.C. 1396-1.  See Tarin v.
Commissioner of the Div. of Med. Assistance, 424 Mass. 743, 746
(1997); Lebow v. Commissioner of the Div. of Med. Assistance,
433 Mass. 171, 172 (2001).  "The Medicaid Act, Title XIX of the

_____

[10] Although nominally a remand, the judgment was final in
all material ways with respect to the agency, and the judgment
is therefore a final, appealable disposition as to the agency.
See Cliff House Nursing Home, Inc. v. Rate Setting Commn., 378
Mass. 189, 191 (1979).

Social Security Act of 1965, operates to enable participating states, through the use of federal funds, to provide medical services to welfare recipients (the 'categorically needy') and if the state chooses, to other needy recipients (the 'medically needy').  See Beal v. Doe, 432 U.S. 438, 440 n.1 (1977); 42 U.S.C. 1396a(a)(10)(A), (C).  Although a state's participation in Medicaid is voluntary, if it chooses to adopt a plan it must do so consonant with the requirements imposed by the Medicaid Act.  See Beal v. Doe, supra [] at 441."  Preterm, Inc. v. Dukakis, 591 F.2d 121, 124, cert. denied, 441 U.S. 952 (1979).

"In order to receive Federal funding, the State program must be approved and meet all of the requirements of Title XIX and the implementing regulations."  Haley v. Commissioner of Pub. Welfare, 394 Mass. 466, 467 (1985), citing Harris v. McRae, 448 U.S. 297, 301 (1980).  Specifically, "a State is required to base its assessment of financial need only on 'such income and resources as are, as determined in accordance with standards prescribed by the [United States] Secretary [of Health and Human Services], available to the applicant or recipient'" (emphasis omitted).  Tarin v. Commissioner of the Div. of Med. Assistance, supra at 746-747, quoting from 42 U.S.C. § 1396a(a)(17)(B).  A State is also required to comply with the disqualifying transfer provisions of the Federal law.  See 42 U.S.C. § 1396a(a)(18).

The Commonwealth has elected to provide long-term care benefits to the medically needy, but must provide those benefits in a manner consistent with Federal Medicaid requirements.  See G. L. c. 118E, § 9; id. § 15, inserted by St. 1993, c. 161, § 17 ("The amount, duration and scope of the aforesaid care and services shall be determined by the rules and regulations of the [D]ivision [of Medical Assistance within the Executive Office of Health and Human Services], provided such rules and regulations are consistent with the provisions of this chapter and Title XIX").[11]  The judgment of the Probate and Family Court represents the judge's application of Massachusetts probate law, but it does not constitute an interpretation or application of Federal and State laws governing Medicaid eligibility, a matter over which the Probate and Family Court has no jurisdiction.  See Young v. Department of Pub. Welfare, 416 Mass. 629, 633-634 (1993); G. L. c. 30A, § 14(1); G. L. c. 118E, § 48; G. L. c. 215, §§ 3, 6.

Under the law governing financial eligibility for Medicaid benefits, it is the fact of the reformation itself that

---

[11] A statute or regulation violative of Title XIX would be preempted under the Supremacy Clause of the United States Constitution.  See Boston Med. Center Corp. v. Secretary of Exec. Office of Health and Human Servs., 463 Mass. 447, 461 (2012) ("The purpose of the Supremacy Clause is . . . to ensure that, in a conflict with state law, whatever Congress says goes" [citation omitted]).

constitutes the disqualifying event. Federal law requires that individuals of means who apply for long-term care benefits, and transfer assets for less than fair market value within the sixty-month look-back period, face a period of ineligibility. See 42 U.S.C. § 1396p(c)(1)(A), (B). The State statute and regulations implement the Federal mandate. See G. L. c. 118E, § 28; 130 Code Mass. Regs. § 520.023(A)(1)(b)(3). The hearing officer found that Needham had obtained the judgment of the Probate and Family Court in an effort to satisfy Medicaid eligibility requirements, thus placing this reformation squarely within the ambit of the regulations governing disqualifying transfers. See Gauthier v. Director of the Office of Medicaid, 80 Mass. App. Ct. 777, 786 (2011).

The issue before us is not whether the trust was reformed as a matter of State law. The issue is whether MassHealth is required to recognize a reformation as a matter of Federal law when determining whether there has been a disqualifying transfer. The answer to that question in this case is no. Were the answer different, persons of means would be permitted to enjoy otherwise countable assets held in trust throughout their lives, transfer those assets for less than fair market value by reforming the trust ab initio when their health declines, and thereby obtain Medicaid payment for long-term nursing home care without complying with the waiting period imposed by Federal

law.[12]  Needham's assertion that the Probate and Family Court judgment renders the original trust nonexistent for purposes of Medicaid eligibility does not withstand scrutiny when assessed against the mandates of applicable State and Federal statutes and regulations.[13]  "Congress has declared a contrary intent, that Medicaid benefits be made available only to those who genuinely lack sufficient resources to provide for themselves." Doherty v. Director of the Office of Medicaid, 74 Mass. App. Ct. at 443.  See Cohen v. Commissioner of the Div. of Med. Assistance, 423 Mass. 399, 403-404 (1996) (discussing legislative history of Medicaid qualifying trust statute).  In this context, what "Congress says goes."  Boston Med. Center Corp. v. Secretary of Exec. Office of Health and Human Servs., 463 Mass. 447, 461 (2012) (citation omitted).

We therefore conclude that the hearing officer committed no error of law in determining Needham was ineligible for MassHealth long-term care benefits.  The judgment is reversed

---

[12] The period of ineligibility is calculated in accordance with 130 Code Mass. Regs. § 520.019(G).

[13] Needham's reliance on the procedure employed in Bosch litigation cases is inapt.  See generally O'Connell v. Houser, 470 Mass. 1004, 1006 (2014).  In Commissioner of Internal Rev. v. Estate of Bosch, 387 U.S. 456, 465 (1967), the United States Supreme Court held that the determination of a State's highest court would be considered binding on matters of State law in related Federal tax proceedings.  Here we deal not with a question of State law, but a question of eligibility governed by Federal law, as supplemented by State statutes and regulations that follow the Federal mandate.

and the case is remanded for entry of judgment affirming the decision of the MassHealth board of hearings.

<u>So ordered</u>.