MICHAEL PERRY, trustee, *vs.* BOSTON RENT EQUITY BOARD
& others.[1]

Suffolk.  February 8, 1989. — May 1, 1989.

Present: WILKINS, LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Municipal Corporations*, Condominiums, Regulations, By-laws and ordinances. *Real Property*, Condominium. *Boston*.

A regulation of the Boston rent equity board concerning the conversion of residential apartment buildings to condominium ownership impermissibly exceeded the scope of the local enabling ordinance, and was invalid to the extent that it required a building owner to offer a so-called "condominium conversion eviction package" to a tenant who would not be subject to eviction as a result of the change in the form of ownership. [781-782]

CIVIL ACTION commenced in the City of Boston Division of the Housing Court Department on May 13, 1985.

The case was heard by *Patrick J. King*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*James D. Rose* (*Mark L. Snyder* with him) for the defendants.

*Steven M. Brody* for the plaintiff.

WILKINS, J. The plaintiff as trustee owns certain apartment buildings on Commonwealth Avenue in Boston. He is in the business of purchasing residential apartment buildings, converting them to condominium units, and selling the units to investors unless an existing tenant wishes to purchase his or her unit. Neither the plaintiff nor the investors have any intention of evicting tenants. In fact, the plaintiff's general practice is to inform tenants that he wants them to remain as tenants if they decide not to purchase.

---

[1] The other defendants are individuals who were tenants of certain apartments in buildings owned by the plaintiff as trustee.

The plaintiff challenges the lawfulness of a regulation (regulation 11) promulgated by the defendant board that purports to require a person in the plaintiff's position to offer a "condominium conversion eviction package" to each tenant in a building undergoing conversion to condominium use, even if the plaintiff has no intention of evicting the tenant.[2] Regulation 11 requires that, upon a condominium conversion eviction, the tenant has various rights, including the right to buy the unit; the right to terminate the lease, vacate the premises, and obtain the immediate return of any security deposit; and the right to receive at least $750 as a relocation fee.[3]

A judge of the City of Boston Division of the Housing Court Department ruled that, because it was not authorized by any city ordinance, regulation 11 exceeded the board's authority to the extent that it requires a tenant who is not the object of any eviction attempt to be given a condominium conversion eviction package. The board appeals from a judgment that was entered accordingly. We transferred the appeal here and now affirm the judgment.

For authority to promulgate regulation 11, the board relies on c. 34 of the Ordinances of 1984 of the City of Boston which regulates certain residential rents, evictions, and conversions. Section 2 (c) authorizes the board to promulgate such regulations "as will further the provisions of this ordinance." Section 10 of the city ordinance provides certain rights to tenants upon a condominium conversion eviction from a housing accommodation of the type involved in this case. The ordinance defines a condominium conversion eviction as "[a]n eviction of a tenant by a landlord for the purpose of removing such tenant from a housing accommodation in order to facilitate the initial sale

---

[2] Regulation 11 includes in the definition of a condominium conversion eviction, "the initial sale and transfer of a housing accommodation to an investor who does not intend to occupy the unit and whose primary purpose is to own the housing accommodation for investment or for the production of income."

[3] The fact that the regulation purports to provide an investor with the means of rebutting the presumption that there is an eviction does not affect our analysis.

and transfer of legal title to that housing accommodation as a condominium . . . unit to a prospective purchaser . . . ."

We agree with the judge that "[t]here is nothing in Section 10 [of the ordinance] which affords any benefits to tenants who do not have to seek other housing as a result of the change in the form of ownership of their housing accommodation." The ordinance on which the board relies in support of its regulation does not authorize the board to regulate condominium conversions. In seeking to impose consequences on a condominium conversion not involving an eviction, the regulation does not further the provisions of the ordinance. It impermissibly exceeds the scope of the ordinance and is invalid to that extent. We give the regulation every presumption in favor of its validity, but, in the respect in which it is challenged, it is simply not reasonably related to the purposes of the enabling ordinance. See *Levy* v. *Board of Registration & Discipline in Medicine*, 378 Mass. 519, 524-525 (1979); *Consolidated Cigar Corp.* v. *Department of Pub. Health*, 372 Mass. 844, 855 (1977).

The plaintiff does not argue that the regulation exceeds the authority granted to Boston by the Legislature. In *Greater Boston Real Estate Bd.* v. *Boston*, 397 Mass. 870, 877-878 (1986), we considered one aspect of the ordinance and concluded that in that aspect the ordinance was not essential to the operation of the enabling statute and was invalid. See *Church* v. *Boston*, 370 Mass. 598, 601 (1976). If regulation 11 were authorized by an ordinance, the question would remain whether there was legislation authorizing Boston to regulate condominium conversions in the way regulation 11 purports to do.

*Judgment affirmed.*