Troy, J.
Background
In 1987, the South Hadley Planning Board (“SHPB’j approved a subdivision plan for an area of land in South Hadley that is now named the Stonegate Estates (“Stonegate”). The plan included 80 numbered lots and two large parcels, identified as Parcel A ‘TO BE RETAINED” and Parcel B TO BE RETAINED.”[1] The plan was properly recorded at the Hampshire Registry of Deeds on December 11, 1987. Under the language of the subdivision plan, development was subject to three conditions imposed by the SHPB relevant to wetlands protection (“subdivision plan conditions”). These three conditions were as follows:
2. Applicant must conform to all Order of Conditions set forth by the Conservation Commission.
4. Applicant must also place appropriate use restriction covenants in deeds for lots in the wetland buffer zones. (“Subdivision plan condition 4.”)
7. There must be no disruption of any natural drainage systems (except as permitted by Conservation Commission Order of Conditions). In addition, applicant shall not cause any increased run-off or drainage to flow onto any adjacent property.
The same day that the subdivision plan was recorded, the original applicants, pursuant to subdivision plan condition 4, filed a document containing four restrictive covenants regarding wetland protection to which they intended to be bound. The document stated that the covenants were imposed on lots 1,2, 5, 6, 18-25, 28, 51-53 and 65 of the subdivision but did not state that the restrictions would apply to or affect development of Parcel A or Parcel B in any way. One of the covenants stated: “No structure may be erected within 100 feet of the wetlands located on said lots.” This document was recorded at the Hampshire Registry of Deeds, book 3103, page 0326.
Following the subdivision plan’s approval, the South Hadley Conservation Commission (SHCC) issued an order of conditions (“1988 order of conditions”) which governed all development work affecting wetlands in the subdivision. The order was once amended and recorded in 1988. No appeal was taken following the issuance of the order. This order contained the following relevant conditions (“1988 conditions”):
18. Greenbelts (existing trees and vegetation) should not be clear-cut to provide more land for development or a better view, within the resource area and buffer zone.
19. No road salt shall be used at any time, present or future, within the project area.
20. Lot numbers 1,2, 5, 6, 8, 19-24, 28, 51-53, and 65 shall have restrictive covenants protecting wetlands in perpetuity, running within the land; and the Conservation Commission/Officer shall receive a copy(s) of the deeds specifying said restrictive covenants.
24. This order shall apply to all successors or assigned in interest or control of the subject property.
25. At no time, present of future, is there to be any disturbance or alteration, direct or indirect, within the wetland system boundary other than those proposed on the submitted site plans or stated elsewhere in these Orders of Conditions.
The development work on the subdivision was subsequently completed. On February 10, 1993, the SHCC issued a certificate of compliance which stated that the development work regulated by the 1988 order of conditions has been satisfactorily completed in accordance with the requirements of the order. The certificate did not include any language designed to extend the 1988 conditions into the future. The section of the certificate in which the SHCC would have properly designated any conditions that it wished to survive the completion of development was left blank.[2] The certificate was recorded on February 23, 1993.
Defendant, John J. Gormally (Gormally) is the current owner of 13 lots (lot numbers 1,2, 5, 6, 19, 20-23 and 51-54) within Stonegate. He also owns two additional parcels, Parcel A and Parcel B, consisting of approximately nine acres within Stonegate, which he plans to subdivide into seven new building lots. Parcel A and Parcel B were conveyed to Gormally by the *618 previous owner, Shirley Hallberg, on October 27, 2000 for a total consideration of $90,000.
In January 2001, Gormally submitted to the Massachusetts Department of Environmental Protection (Department) seven notices of intent, one for each lot within Parcels A and B which he wished to develop, describing how the proposed development work would potentially affect neighboring wetlands. On April 23, 2001, a number of residents of Stonegate, entered a request with the SHCC asking the Commission to issue an amended certificate of compliance continuing the 1988 conditions so that they could be enforced against Gormally. These residents asserted that it had been the SHCC’s and the original applicant’s intent that the conditions apply to the land in perpetuity and that it was only by mistake that the SHCC had omitted reference to the 1988 conditions in the 1993 certificate of compliance. The residents also requested that the SHCC enforce the subdivision plan conditions against Gormally which had been imposed by the SHPB. Both requests were denied by the SHCC on July 16, 2001.
The SHCC subsequently issued seven new orders of conditions allowing construction on each of the seven proposed lots within Parcel A and Parcel B (“2001 orders of conditions”). On October 9, 2002, the residents sought superceding orders of conditions from the Department, pursuant to 310 Code Mass. Regs. 10.05(6). In its superceding orders of conditions, the Department affirmed the SHCC’s 2001 orders of conditions and approved construction on each of the seven lots.
The plaintiffs, sixty-one individuals who own lots in the Stonegate subdivision (“plaintiffs”), then sought appellate review of the superceding orders of conditions before a Department of Environmental Protection administrative law judge. The plaintiffs requested that: 1) the certificate of compliance issued by the SHCC be amended to include the 1988 conditions; and 2) the subdivision plan conditions imposed by the SHPB be enforced against Gormally. The Department judge (Travis, J.) dismissed the plaintiffs’ action for failure to state a claim and made final the superceding orders of conditions. In doing so, the Department judge stated that the Department’s authority to act is limited to that which is necessary to ensure the protection of wetland resource areas. The judge ruled that no showing had been made that inclusion of 1988 conditions, or the enforcement of the subdivision plan conditions was necessary in order to ensure that the seven superceding orders of conditions comply with the Wetlands Protection Act, G.L.c. 131, §40 and wetland regulations under 310 Code Mass. Regs., and that the relief requested was therefore not within the Department’s authority to grant. On July 15, 2002, The Commissioner of the Department, Lauren A. Liss, issued a “final decision” adopting the decision of the Department judge.
The plaintiffs have filed a complaint with the Superior Court naming as defendants, Gormally, the Department, the Town of South Hadley, and the SHCC. The complaint requests that, through the vehicle of declaratory judgment, the court make the following declarations of rights:
26. A Conservation Commission has the legal authority to correct a mistake by amending a Certificate of Compliance to reinstating permanent conditions included in an original Order of Conditions.
27. The South Hadley Conservation Commission has the legal authority to amend the Certificate of Compliance for the Original Stonegate Subdivision Order of Conditions, DEP file Number 288-072.
28. The South Hadley Conservation Commission has the Legal authority to amend the Certificate of Compliance for the original Stonegate Subdivision Order of Conditions, DEP File Number 288-072 to list Conditions numbered 18-20, 24 & 25 in said Order of Conditions as “Ongoing Conditions” in Section B of the Certificate of Compliance.
29. A Conservation Commission has the legal authority to enforce subdivision plan conditions concerning wetlands, under the authority of 310 Code Mass. Regs. 10.06(j),[3] which states: “Failure to comply with conditions stated in the Order and with all related statutes and other regulatoiy measures shall be deemed cause to revoke or modify the Order of Conditions.”
30. The South Hadley Conservation ■ Commission has the legal authority to enforce subdivision conditions concerning wetlands that are expressly stated on the Stonegate Subdivision Plan.
31. The DEP has jurisdiction over plaintiffs’ adjudicatory administrative appeal.
32. Public Policy requires that a Conservation Commission, DEP, or both must be able to amend or rescind either an Order of Conditions or a Certificate of Compliance where a mistake is discovered, in order to protect the interests enumerated by the wetlands act and regulations in areas subject to protection. G.L.c. 131, 40; 310 Code Mass. Regs. 10.01(2), &10.02(1).
The plaintiffs also request that the court “reverse or remand the adjudicatory decision of the Department of Environmental Protection which is the subject of this appeal.” Defendants, Gormally and the Department each filed motions to dismiss, asserting both Mass.R.Civ.P. 12(b)(6) and 12(b)(1) objections. The court will consider the plaintiffs’ requests and the motions to dismiss filed by these two defendants.
Discussion
1. Plaintiffs’ Requests for Declarations I, II, III, and VII
Relief in the form of declaratory judgment is not granted by the court as a matter of right; rather it is *619 granted where appropriate, as a matter of judicial discretion. Hogan v. Hogan, 320 Mass. 658, 663 (1947). In order for the court to consider the plaintiffs’ requests for declaratory judgment, it must be satisfied that an actual controversy exists and that a declaration of rights with regard to that controversy will remove the uncertainty underlying the dispute. G.L.c. 231A, §2; Enos v. Secretary of Executive Office of Environmental Affairs, 48 Mass.App.Ct. 239 (1999); Carlton Hotel v. Abrams, 322 Mass. 201, 202 (1948). If it does not appear that the relief sought will terminate an existing controversy between the parties, the court should not grant declaratory relief. Brown v. Neelon, 335 Mass. 357, 360 (1957). An actual controversy is a real dispute caused by the combination of one party’s assertion of a legal relation, status, or right in which he has a definite interest and another party’s denial of that assertion, where both parties have a definite interest in the dispute and where the matter, if not adjudicated, will almost immediately and inevitably lead to litigation. District Attorney for Suffolk Dist v. Watson, 381 Mass. 648 (1980).
As explained above, the plaintiffs have exhausted every available avenue of administrative review in their attempt to challenge the 2001 orders of conditions, issued by the SHCC, allowing Gormally to develop the land in question.[4] In doing so, the plaintiffs have sought to impose the 1988 conditions on the new development project proposed by Gormally. The plaintiffs now, through requests for declarations I, II, III, and VII, seek to amend the language of the 1993 certificate of compliance to include the 1988 conditions. The plaintiffs allege that it was the intent of the both the SHCC and the original applicants to include the 1988 conditions within the certificate so that the conditions would apply to the land in perpetuity and burden any future development.
In order to assert their case, the plaintiffs ask the court to invent a new procedure, not provided for within 310 Code Mass. Regs. Although 310 Code Mass. Regs. §10.05 includes detailed review processes for parties aggrieved by other administrative actions taken by a conservation commission, such as an order of conditions or variance, 310 Code Mass. Regs. §10.05 establishes no review process for parties seeking to appeal the language or issuance of a certificate of compliance. 310 Code Mass. Regs. §10.05(1), (9), (10).
The court will not create a novel regulatoiy review process where the Department has not seen fit to establish one. First, the court lacks the power to do so. The court has no authority to promulgate rules and regulations to effectuate the purposes of the Wetlands Protection Act where the Legislature has specifically empowered the Commissioner of the Department with the ability to do so. G.L.c. 131, §40, 40A. The plaintiffs point to no provision of G.L.c. 131, §40, applicable regulations, or G.L.c. 231A which grants the court the authority to create such relief.
Second, the court sees the invention of such a procedural step as unnecessary. A developer whose proposed project affects wetlands is required to seek an order of conditions from a local conservation commission before commencing development. If a developer who has received a certificate of compliance from a conservation commission which fails to specify that any conditions will continue, and thereby releases the developer from the terms of a prior order of conditions, wishes to re-initiate development, he must again apply to that same commission, detailing the potential effects of his proposed development. The commission, at that point, may issue a new order of conditions restricting development with whatever restrictive conditions are deemed necessary to insure that the project complies with performance standards set out in the wetlands regulations. The commission may, if it deems appropriate, include the prior conditions which were placed on the land under the prior order of conditions and removed when they were omitted from the certificate of compliance. Therefore, even where a conservation commission intended to include the conditions within a certificate of compliance but mistakenly omitted them, the commission could easily remedy the problem by simply reinstating the conditions in a new order of conditions. The SHCC has refused to take this step because it does not believe that reinstatement of 1988 conditions is necessary to insure that Gormally’s proposed developments comply with relevant wetlands regulations.
Even if the court were to create the review process that the plaintiffs request, it is unlikely that the plaintiffs’ appeal would be successful. “If the final order [of conditions] contains conditions which continue past the completion of work . . . The certificate [of compliance] shall specify which, if any of such conditions shall continue. The certificate shall also specify to what portions of the work it applies, if it does not apply to all the work regulated by the order.” 310 Code Mass. Regs. §10.05(9)(e). Since no conditions were specified by the SHCC in the 1993 certificate of compliance, the 1988 conditions were rendered inapplicable.
The plaintiffs’ argument that the 1988 conditions were mistakenly omitted from the certificate of compliance lacks merit.[5] The SHCC has already refused the plaintiffs’ request to amend the certificate of compliance to include the 1988 conditions, and refused to include the conditions in its 2001 order of conditions. The Department has upheld the SHCC’s decision that the conditions are no longer necessary and declined to include them in its superceding order of conditions.
For the above reasons, the court refuses to create any novel process by which the plaintiffs may seek to amend or rescind the language of the 1993 certificate of compliance. Further, the plaintiffs have exhausted *620 all avenues of administrative review in their attempt to appeal the 2001 order of conditions. Since the plaintiffs may not seek administrative review of either the 1993 certificate of compliance or 2001 order of conditions, no actual controversy exists with respect to plaintiffs’ requests for declaratory relief numbered I, II, III, and VII. A motion to dismiss for lack of subject matter jurisdiction, pursuant to Mass.R.Civ.P. 12(b)(1), should be granted where a plaintiff fails to allege facts showing an actual controversy entitling them to a declaratory judgment. Bonan v. City of Boston, 398 Mass. 315, 318 (1986). The court therefore grants the defendants’ motion pursuant to Mass.R.Civ.P. 12(b)(1) with regard to the plaintiffs’ requests for declarations I, II, III, and VII.
2.Plaintiffs’ Requests for Declarations IV and VI
Even if the court were to grant the declaratory relief sought by the plaintiffs through requests IV and VI, this would not, in any way affect their substantive rights as abutters to Gormally’s proposed development project. The plaintiffs’ questions with regard to administrative authority and jurisdiction are moot with regard to the dispute between the parties. The plaintiffs are not entitled to review of either the 1988 order of conditions or 1993 certifícate of compliance.[6] Thus, the plaintiffs’ requests, if granted, would not further the resolution of any actual controversy. The court therefore lacks subject matter jurisdiction to grant the declaratory relief that the plaintiffs’ seek and must grant the defendants’ motion pursuant to Mass.R.Civ.P. 12(b)(1) with regard to the plaintiffs’ requests for declarations IV, and VI.
3.Plaintiffs’ Request for Declaration V
The plaintiffs request that the court declare that the SHCC has the legal authority to enforce the subdivision plan conditions issued by the SHPB.[7] It is unclear how, if at all, Gormally’s proposed development will violate any of three subdivision plan conditions imposed by the SHPB. Since the plaintiffs have failed to demonstrate that any actual controversy which will almost immediately and inevitably lead to litigation exists with regard to request for declaration V, the court lacks the subject matter jurisdiction to consider the request.
There is no indication that Gormally will violate condition 2 by failing to comply with the 2001 order of conditions. There is no allegation that the proposed development will violate condition 7 by causing any increased run-off or drainage to flow onto any adjacent property or by disrupting any natural drainage systems beyond what is permitted by under the 2001 order of conditions.
The plaintiffs seek to impose subdivision plan condition 4 against Gormally. In support of this end, the plaintiffs raise the following novel argument. 310 Code Mass. Regs. §10.05(6)(j) allows a conservation commission to revoke or modify an order of conditions if an applicant fails to comply with conditions stated in the order or with “all related statutes and other regulatory measures.” Plaintiffs’ claim that the subdivision plan conditions imposed by SHPB qualify as “related statutes anti other regulatory measures” within the meaning of the regulation; therefore, violation of any of these conditions would allow the SHCC to revoke Gormally’s 2001 order of conditions.
Plaintiffs’ allege further that since subdivision plan condition 4 states that “appropriate use restriction covenants shall be placed in deeds for lots in the wetland buffer zones,” and was intended to run in perpetuity, Gormally is restricted in his development of Parcels A and B by the restrictive covenants that were placed upon the original subdivision. Plaintiffs seek, specifically, to enforce the restrictive covenant that “no structure may be erected within 100 feet of the wetlands located on said lots.”
The court need not declare the rights of the parties with respect to this issue because, as stated above, the document filed by the original applicants containing the restrictive covenants that the plaintiffs’ seek to enforce did not apply to the land Gormally has proposed to develop. The “said lots” designated as restricted under the covenant include only lots 1, 2, 5, 6, 18-25, 28, 51-53 and 65. Parcels A and B were not included within the language of the covenant and are therefore not affected by its terms. The plaintiffs allege that inapplicability of this covenant to Parcels A and B may have been the result of mistake of fraud. Such assertions are speculative. The court will not interpret the covenant, which was drafted, filed, and recorded without objection in 1987, by anything other than its plain language. Therefore, no actual controversy exists with regard to plaintiffs’ request for declaration v. and the court grants the defendants’ motion, pursuant to Mass.R.Civ.P. 12(b)(1) with respect to this request.
4.Plaintiffs’ Request for Judicial Review
The plaintiffs, without specifically invoking G.L.c. 30A, §14 as their avenue of appeal, request in their complaint that the court “reverse or remand the adjudicatory decision of the Department of Environmental Protection which is the subject of this appeal.” In their appeal before a Department administrative law judge, the plaintiffs asserted two requests for relief: 1) that the 1993 certificate of compliance should be amended to include the 1988 conditions; and 2) that the subdivision plan conditions imposed by South Hadley Planning Board restricting development of the Stonegate Estates should be enforced against Gormally. Both requests were dismissed by the administrative law judge for failure to state a claim. The first request, with regard to amending the certificate of compliance, has already been discussed and the court will not disturb the Department’s ruling with respect to this issue.
The administrative law judge dismissed the plaintiffs’ second claim, that the subdivision plan conditions should apply to Gormally as the new owner, *621 because the Department lacked authority to consider the issue presented. The judge stated:
The Department’s authority under the Act is limited to that which is necessary to ensure the protection of identified wetland resource areas. If the Department had thought that the conditions in the subdivision approval were necessary to ensure compliance with the Act and regulatory standards, it could have imposed them. But nothing requires it to do so. Nowhere does the petitioner suggest that the three [subdivision plan] conditions are necessary to ensure compliance with the Department’s responsibilities under the Act. Accordingly, I dismiss [the issue] for failure to state a claim on which relief can be granted.
The court agrees with the Department judge’s position that it is not within the Department’s scope of authority to determine whether Gormally, as a successor developer, is bound by the restrictions agreed to by the original owners of the subdivided land under the SHPB issued subdivision plan. The Department is charged with determining whether administrative orders violate regulatory performance standards for wetland resource areas. Whether the burden of the subdivision plan conditions run with the land to affect Gormally is a matter of property law which may not be raised before the Department. As already determined by the court, this question is moot because there is no indication that Gormally’s proposed development will violate any of the conditions which the plaintiffs seek to enforce. The Department administrative law judge’s decision that the plaintiffs’ appeal fails to state a claim on which relief may be granted does not violate the rights of any party in any manner set forth under G.L.c. 30A, §14(7) and is therefore affirmed.
Order
The court ALLOWS defendants’ motion to dismiss, pursuant to Mass.R.Civ.P. 12(b)(1), with regard to each of plaintiffs’ requests for declaratory relief and the decision of the Department is AFFIRMED.

The original applicant group who proposed the development was called the South Hadley Group and the subdivision project was then named the San Souci Estates.

This section of the certificate of compliance stated: “The following conditions of the Order shall continue: Set forth any conditions continued in the Final Order, such as maintenance or monitoring, which are to continue for a longer period.” The section was left blank and it included a box which was left unchecked.

In their complaint, the plaintiffs mistakenly cite 310 Code Mass. Regs. 10.06(j) for this language, however, the court recognizes the plaintiffs’ clear intention to cite 310 Code Mass. Regs. 10.05(6)(j) as authority.

The administrative scheme of relief available to a plaintiff seeking to challenge an order of conditions is detailed with succinct clarity in Wilczewski v. Commissioner of Department of Environmental Quality Engineering, 404 Mass. 771 (1989). The Wetlands Protection Act, G.L.c. 131, §40, provides that no person may interfere with wetlands without filing a notice of intention to do so with the local conservation commission. The statute structures a system of review by the commission and DEQE (now known as the Department of Environmental Protection) designed to promote protection of the following interests: the public and private water supply, the groundwater supply, flood control, storm damage prevention, prevention of pollution, protection of land containing shellfish, protection of wildlife habitat and fisheries. The Legislature empowered the commissioner of DEQE to promulgate rules and regulations to effectuate the purposes of the act. Under those regulations, after the local commission receives a notice of intent, it has twenty-one days to hold a public hearing. 310 Code Mass. Regs. §10.05(5). The commission then has twenty-one days in which to determine whether the project proposed is “significant to one or more of the interests” described in the statute, and issue an order of conditions to insure that the project complies with performance standards set out in the wetlands regulations. 310 Code Mass. Regs. §10.05(6).
After the commission issues an order of conditions conditioning of prohibiting the work, G.L.c. 131, §40, Thirteenth par., and 310 Code Mass. Regs. §10.05(7)(a), specify various parties who may request that DEQE issue an order of conditions which supersedes the prior order of the commission. DEQE must then conduct an informal meeting, including an on-site inspection, at which all parties may present “any information necessary or useful to a proper and complete review of the proposed activity.” 310 Code Mass. Regs. §10.05(7)(i). DEQE may then issue a superseding order of conditions. At this point, the same parties who were entitled to request a superseding order “whether or not previously a participant in the proceedings,” may request ari adjudicatory hearing. 310 Code Mass. Regs. §10.05(7)0')- Once DEQE has issued its final order following an adjudicatory hearing, the administrative process is exhausted and any person still aggrieved by the agency’s final order is then entitled to judicial review under G.L.c. 30A, §14. Wilczewski v. Commissioner of Department of Environmental Quality Engineering, 404 Mass. 781, 791-92 (1989).

Anne Hazzard, Conservation Officer for the town of South Hadley, filed an affidavit, dated June 7, 1994 stating that the Certificate of Compliance recorded at the Hampshire County Registry of Deeds on February 23, 1993, Document 4295, was intended to release both the original order of conditions, recorded at the Hampshire Registry of Deeds on June 29, 1988, Book 3199, Page 242, and the instrument as amended which was recorded at the Hampshire Registry of Deeds on June 29, 1988, Book 3199, Page 250.

An appeal of an order of conditions must be sought, but was not sought by the plaintiffs, within 10 days of the issuance of the order. 310 Code Mass. Regs. §10.05(7)(b).

As stated above, the subdivision plan conditions imposed by the SHPB were as follows:
2. Applicant must conform to all Order of Conditions set forth by the Conservation Commission.
4. Applicant must also place appropriate use restriction covenants in deeds for lots in the wetland buffer zones.
7. There must be no disruption of any natural drainage systems (except as permitted by Conservation Commission Order of Conditions). In addition, applicant shall not cause any increased run-off or drainage to flow onto any adjacent property.